YELLOW CAB COMPANY OF NEW LONDON AND GROTON, INC., ET AL. *v.* DEPARTMENT OF TRANSPORTATION ET AL.
(AC 31415)

Robinson, Bear and West, Js.

Argued October 27, 2010—officially released March 8, 2011

*Edward E. Moukawsher*, for the appellant (applicant).

*P. Jo Anne Burgh*, for the appellees (plaintiffs).

*Opinion*

WEST, J. Patrick Foltz, owner of Port City Taxi, appeals from the decision of the trial court denying his motion to open and set aside the judgment and his motion to dismiss the court's ruling to reverse the decision of the department of transportation (department) granting his application to operate two additional taxicabs in Groton, Montville, New London and Waterford.[1]

---

[1] Although Foltz was not named as a defendant in the underlying administrative appeal, he challenges the outcome of the trial court's decision that effectively revoked his certificate to operate additional taxicabs. See footnote 9 of this opinion.

On appeal, Foltz claims that the court improperly denied each motion because (1) he was a necessary party in the administrative appeal of the department's decision, and, as result of not being named as a defendant, the court lacked personal jurisdiction to render a decision in that appeal, and (2) the lack of service pursuant to General Statutes § 4-183 et seq. caused him prejudice to such a degree as to require dismissal. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our resolution of Foltz' appeal. On November 26, 2004, Foltz filed an application with the department seeking authorization to operate two additional taxicabs in the combined territory of Groton, Montville, New London and Waterford. The plaintiffs, Yellow Cab Company of New London & Groton, Inc., and the Union Lyceum Taxi Company, intervened and opposed that application.[2] On March 13, 2006, the department granted Foltz' application. After exhausting their administrative remedies, the plaintiffs filed an administrative appeal, challenging the department's decision and naming the department as the defendant in that appeal.[3] See footnote 2 of this opinion.

On August 28, 2007, the department moved to dismiss the administrative appeal. During the first hearing on that motion, the court, *Cohn, J.,* became aware that Foltz had not been served with notice of the pending administrative appeal. Pursuant to § 4-183 (e), the court

[2] Attorney Judith L. Almeida and attorney Laila A. Mandour, in their capacity as hearing officers for the department, also were named as defendants in the administrative appeal.

[3] On April 23, 2007, the plaintiffs' attorney, Mary Alice Moore Leonhardt, submitted an affidavit of service stating that, in addition to the parties named as defendants, copies of the summons and administrative appeal also were sent by certified mail, return receipt requested, to Foltz. There were no certified return receipt cards attached to the affidavit. Subsequently, on April 23, 2007, Leonhardt submitted a second affidavit of service, this time only providing service to the department and its hearing officers.

ordered that the hearing be rescheduled and that Foltz be served with a copy of the amended administrative appeal to allow him the opportunity to participate in the proceedings.[4] Complying with the court's order, the plaintiffs served Foltz at each of his two business addresses on October 10, 2007.[5] Notwithstanding those notices, Foltz did not move to intervene, nor did he attempt to participate in the pending administrative appeal.[6] On January 11, 2008, the court denied the department's motion to dismiss, and the parties submitted briefs on the merits of the administrative appeal. On October 28, 2008, the court remanded the administrative appeal to the department and ordered the department to clarify what evidence it relied on in issuing the original decision. In addition, the court once again ordered the department to notify Foltz that he had the opportunity to correct the record and to present further evidence.[7]

On December 8, 2008, the department sent a certified letter, return receipt requested, to Foltz, informing him that the case had been remanded to the department and that he had the right to participate and to present "further evidence of trip records . . . ." The letter instructed Foltz that, should he submit additional records, a hearing would be held on December 22, 2008. On December 29, 2008, the department informed the

[4] General Statutes § 4-183 (e) provides: "If service has not been made on a party, the court, on motion, shall make such orders of notice of the appeal as are reasonably calculated to notify each party not yet served."

[5] The certified return receipts indicate that Foltz signed for each individual service at both addresses.

[6] Paragraphs 3 and 4 of the amended administrative appeal refer specifically to the department's authorization for "Patrick E. Foltz d/b/a Port City Taxi" to operate two additional taxicabs as being the foundation for the administrative appeal.

[7] At the hearing, the court recognized that it was unaware of Foltz' position stating, "[w]e don't know . . . [what Foltz'] position is now because he hasn't—we've told him about the lawsuit . . . and he hasn't shown up here. . . . If he has an interest in sustaining . . . his license, let him come back into court . . . and justify it again."

court that Foltz had not responded to the notice.[8] On February 5, 2009, the court issued a memorandum of decision sustaining the plaintiffs' administrative appeal.[9] The department did not appeal from the court's decision.

On April 14, 2009, Foltz moved to open and set aside the court's judgment for lack of subject matter jurisdiction. Next, on April 27, 2009, Foltz filed a motion to dismiss the judgment, claiming that the court lacked personal jurisdiction over him because he was a necessary party in the underlying action and that the department's failure to notify him in compliance with § 4-183 (c) required dismissal.[10] Additionally, each motion claimed that the delay in notification, and the failure to name Foltz as a party prejudiced him to the extent that it required the court to dismiss the administrative appeal pursuant to § 4-183 (d).[11] Thereafter, the court

[8] In its correspondence to the court, the department attached the certified return receipt cards that showed that Foltz signed for the notice on December 10, 2008. Additionally, during the January 27, 2009 hearing, the department reiterated to the court that it tried to contact Foltz.

[9] Subsequent to the court's conclusion, the department issued its amended final decision after appeal on April 2, 2009, which revoked Foltz' certificate to operate the additional taxicabs.

[10] General Statutes § 4-183 (c) provides in relevant part: "Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office . . . . Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal. Service of the appeal shall be made by United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a state marshal or other officer . . . ."

[11] General Statutes § 4-183 (d) provides: "The person appealing, not later than fifteen days after filing the appeal, shall file or cause to be filed with the clerk of the court an affidavit, or the state marshal's return, stating the date and manner in which a copy of the appeal was served on each party and on the agency that rendered the final decision, and, if service was not

conducted a hearing on June 10, 2009, to allow Foltz the opportunity to present evidence that he was prejudiced by the delay in service. During that hearing, Foltz admitted to having signed all the certified receipts notifying him of the administrative appeal on October 10, 2007, and to having signed for the notice mailed to him on December 8, 2008. Although Foltz was not able to recall viewing the documents, he testified that his usual practice, when receiving certified mail, was to open it and to see what it contained.

On August 7, 2009, the court, by way of a memorandum of decision, denied Foltz' motion to open and his motion to dismiss. The court concluded that Foltz had ample opportunity to participate in the administrative appeal and that he had not sustained his burden of proving that he was prejudiced regarding the method of service. The court found that Foltz was an experienced businessman and, as result of having been served properly with notice, should have realized the significance that the administrative appeal potentially could have had on his business. The court also concluded that the Uniform Administrative Procedure Act; General Statutes § 4-166 et seq.; did not require Foltz to be made a party, if an opportunity existed for him to become a party pursuant to § 4-183. Accordingly, the court denied Foltz' motion to open and set aside and his motion to dismiss as a result of its repeated efforts to notify him pursuant to § 4-183 (e). This appeal followed. Additional facts will be set forth as necessary.

In his first claim, Foltz contends that the court improperly denied his motion to dismiss and set aside the judgment because he was a necessary party to the initial administrative appeal, and, as a result, the court

made on a party, the reason for failure to make service. If the failure to make service causes prejudice to any party to the appeal or to the agency, the court, after hearing, may dismiss the appeal."

lacked personal jurisdiction to render a decision. Specifically, Foltz claims that our jurisprudence, in accordance with § 4-183, mandated that he become a named party in the administrative appeal for the court to maintain jurisdiction. We disagree.

We begin by setting forth the appropriate standard of review. In the present case, Foltz is challenging the validity of the court's construction of § 4-183; therefore, our review is plenary. See *Kindl* v. *Dept. of Social Services*, 69 Conn. App. 563, 566, 795 A.2d 622 (2002). In undertaking this review, "we are mindful of the principle that legislation is to be construed in light of a strong presumption in favor of jurisdiction." Id., 567.

We note initially that even if we were to assume, without deciding, that Foltz was an indispensable party, such a finding would not necessarily create a jurisdictional defect as Foltz argues. "Ordinarily, an objection predicated on a claim of nonjoinder of a necessary or indispensable party does not go to the jurisdiction of the court." *Gaudio* v. *Gaudio*, 23 Conn. App. 287, 305, 580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1990); see also *Bauer* v. *Souto*, 277 Conn. 829, 838–39, 896 A.2d 90 (2006); *Robinson* v. *Commissioner of Correction*, 258 Conn. 830, 837 n.9, 786 A.2d 1107 (2002). "Except as provided in [Practice Book §§] 10-44 and 11-3 no action shall be defeated by the nonjoinder . . . of parties. . . . Practice Book § 9-19. Additionally, [a]s set forth in Section 10-39, the exclusive remedy for nonjoinder of parties is by motion to strike. Practice Book § 11-3." (Internal quotation marks omitted.) *Bauer* v. *Souto*, supra, 838–39; see also General Statutes § 52-108 ("[a]n action shall not be defeated by the nonjoinder or misjoinder of parties"). In the present case, Foltz has made no such motion.

Moreover, as this court has previously observed, the nonjoinder of an indispensable party in circumstances

such as these would create a jurisdictional defect, and therefore require dismissal only "if a statute *mandates the naming* and serving of the party." (Emphasis added.) *Demarest* v. *Fire Dept.*, 76 Conn. App. 24, 31, 817 A.2d 1285 (2003). Our review of § 4-183, however, reveals no express language mandating that Foltz be *named* as a party to the administrative appeal.

Section 4-183 (e) provides: "If service has not been made on a party, the court, on motion, shall make such orders of *notice* of the appeal as are reasonably calculated to *notify* each party not yet served." (Emphasis added.) In the present case, as soon as the court realized that Foltz had not been notified, it ordered him to be properly served. Subsequently, Foltz was served on two separate occasions, by certified mail, return receipt requested, notifying him of the administrative appeal between the parties and giving him an opportunity to participate in the proceedings. See generally *Bittle* v. *Commissioner of Social Services*, 249 Conn. 503, 514, 734 A.2d 551 (1999) (pursuant to § 4-183 [c] party served properly by appellant mailing copy of administrative appeal by registered or certified mail). Notwithstanding Foltz' having been served outside the statutory time line, such a defect did not deprive the court of jurisdiction. It is well settled that untimely service on an interested party, other than the agency involved, does not deprive the court of jurisdiction. See General Statutes § 4-183 (c); *Tolly* v. *Dept. of Human Resources*, 225 Conn. 13, 28, 621 A.2d 719 (1993); *Kindl* v. *Dept. of Social Services*, supra, 69 Conn. App. 572–73. Absent a complete failure to serve a party, defective service in an administrative appeal is *dismissable only upon a finding of prejudice* to the party. See *Tolly* v. *Dept. of Human Resources*, supra, 28–29; see also *Kindl* v. *Dept. of Social Services*, supra, 574–75 (defective service not equivalent to total failure of service).

In support of his argument that the court lacked jurisdiction and improperly proceeded to judgment, Foltz relies on *Delio* v. *Earth Garden Florist, Inc.*, 28 Conn. App. 73, 77, 609 A.2d 1057 (1992). Foltz, however, misinterprets the jurisdictional principle articulated in *Delio*. In that case, we stated that "[u]ntil one is given notice of the actions or proceedings against him and is thereby *given opportunity to appear and be heard*, the court has no jurisdiction to proceed to judgment either for or against him even though it may have jurisdiction of the subject matter." (Emphasis added.) Id. Put differently, "[s]ervice of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction over that party." (Internal quotation marks omitted.) *Bicio* v. *Brewer*, 92 Conn. App. 158, 166, 884 A.2d 12 (2005). In the present case, it is clear that, even though he was not named as a defendant in the administrative appeal, Foltz was notified and given an opportunity to appear and to be heard. It is also evident that the court considered Foltz a party when it ordered him to be served pursuant to § 4-183 (e).[12]

Foltz has not cited any specific statutory provision that would have required the plaintiffs, or the court, to name him as party. See *Sullivan* v. *Thorndike*, 104 Conn. App. 297, 301, 934 A.2d 827 (2007) (dismissal not required absent statutory requirement that party be named in underlying proceeding), cert. denied, 285 Conn. 907, 908, 942 A.2d 415, 416 (2008). We conclude, therefore, that the court retained jurisdiction to issue a decision in the underlying action when it ordered that Foltz be served with notice pursuant to § 4-183 (e).

---

[12] In its memorandum of decision, the court concluded that "it may on its own motion, as here, order the plaintiff[s] to give notice to a nonserved, nonappearing defendant so that his rights might be protected in the administrative appeal."

Foltz next claims that the plaintiffs' failure to serve him within the statutory time period and guidelines of § 4-183 (c) and (e) prejudiced him to such a degree that the court was required to dismiss the case pursuant to § 4-183 (c) and (d). In essence, he claims that the service of process, provided six months after the administrative appeal was initiated, was a fundamental failure of service and, as such, was so egregious as to require dismissal as a matter of law. We disagree.

In this claim, Foltz appears, once again, to be challenging the validity of the court's construction of § 4-183 (c) and (d); therefore, our review of this claim remains plenary. See *Kindl* v. *Dept. of Social Services*, supra, 69 Conn. App. 566. To the extent that Foltz is claiming that the court was required by law to dismiss the administrative appeal on the ground of prejudice because there was a defect in service, we must decide whether that conclusion is legally and logically correct and finds support in the facts that appear in the record. See *Crews* v. *Crews*, 295 Conn. 153, 163–64, 989 A.2d 1060 (2010) (mixed questions of law and fact receive plenary review).

"Section 4-183 (d) provides a standard for dismissing appeals when parties other than agencies are not served, or are served with defective papers. This statutory standard is met upon a showing of actual prejudicial consequences stemming from a failure of service; a *mere showing of untimely service is not grounds for dismissal*. In other words, when a party other than the agency does not receive appeal documents within the prescribed time, an appellant's right to appeal is not exposed to automatic dismissal based on lack of subject matter jurisdiction." (Emphasis added.) *Bittle* v. *Commissioner of Social Services*, supra, 249 Conn. 521–22.

Foltz argues that the court was compelled to dismiss the appeal pursuant to § 4-183 (d) on the ground of

prejudice because "[n]o effort was made to provide notice [that was] reasonably calculated to inform him that his interests were at issue." Foltz also argues that because his name did not appear in the caption of the administrative appeal and the notices did not mandate his appearance at either of the hearings, this amounted to a total failure of service and, thus, caused him prejudice. Our review of the record, however, indicates that there was *considerable effort* made by the court to notify Foltz and that he chose repeatedly to ignore those notices. Neither our jurisprudence nor the facts contained in the record support Foltz' attenuated interpretation of the service of process provided in this case.

The court found specifically, and the record supports, that Foltz failed to sustain his burden to show prejudice during the hearing on June 10, 2009, because (1) he acknowledged being served copies of the amended complaint, (2) no substantive rulings were issued by the court before he had been served, (3) he was notified that he had an opportunity to supplement the record during the court's remand of the department's decision, and (4) he failed to respond and chose not to take advantage of the court's repeated efforts to involve him in the proceedings. Therefore, on the basis of the foregoing facts, we conclude that the record clearly supports the court's conclusion that Foltz was not prejudiced by the untimely service.

Accordingly, we conclude that the court properly denied Foltz' motions to open and set aside the judgment and to dismiss the administrative appeal.

The judgment is affirmed.

In this opinion the other judges concurred.