******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

BENEDETTO IZZO *v.* RICHARD QUINN ET AL.
(AC 37510)

DiPentima, C. J., and Mullins and Mihalakos, Js.

*Submitted on briefs November 30, 2016—officially released February 7, 2017*

(Appeal from Superior Court, judicial district of New Haven, B. Fischer, J.)

*Albert J. Oneto IV* and *Peter E. Ricciardi* field a brief for the appellants (defendants).

*Patrice Noah* filed a brief for the appellee (plaintiff).

*Opinion*

MULLINS, J. The defendant, Richard Quinn,[1] appeals from the judgment of the trial court dismissing his four count counterclaim against the plaintiff, Benedetto Izzo, doing business as New Haven Drywall.[2] On appeal, the defendant claims that the court erred in dismissing his counterclaim on the ground that he had failed to join an indispensable or necessary party. We agree, and, accordingly, we reverse the judgment of the trial court.

The following undisputed facts and procedural history inform our decision. The plaintiff, acting under the name "Benedetto Izzo dba New Haven Drywall," filed a complaint with the Superior Court seeking to foreclose a mechanic's lien that had been filed against the defendant's property. The plaintiff alleged that he had filed the lien because the defendant had failed to pay sums due under a home improvement contract entered into between him and the defendant.

In response to the complaint, the defendant filed an answer, three special defenses and a four count counterclaim. In the special defenses, the defendant alleged: (1) he had contracted with North Haven Drywall, LLC, to restore his fire damaged residence, Benedetto Izzo had acted as the general contractor on that job, and the work was not performed in a workmanlike manner; (2) the mechanic's lien was not filed timely; and (3) the plaintiff lacked standing to enforce the mechanic's lien because the defendant had contracted with North Haven Drywall, LLC, not with the plaintiff.

In his four count counterclaim, the defendant alleged in relevant part: (1) the defendant had entered into a contract with North Haven Drywall, LLC, Izzo directed the work of North Haven Drywall, LLC, Izzo failed to complete the project and obtain a certificate of completion, and the work that was completed was not completed in a workmanlike manner in accordance with the contract; (2) North Haven Drywall, LLC, and Izzo made false representations to facilitate final payment from the mortgagee of the defendant's property, thereby engaging in conduct that was immoral, unethical and unscrupulous, in violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq.; (3) prior to the defendant's engagement of North Haven Drywall, LLC, and Izzo, North Haven Drywall, LLC, and Izzo publicly held themselves out to be fire and water damage restoration specialists when they, in fact, possessed no such special skills, and this conduct was immoral, unethical and unscrupulous, in violation of CUTPA; and (4) the defendant contracted with North Haven Drywall, LLC, which took possession of the defendant's property and began work under the direction of Izzo, Izzo owed a duty to the defendant, Izzo breached that duty in several enumerated ways, and those breaches caused the defendant to sustain

damages and losses.

The plaintiff then sought to substitute "North Haven Drywall dba N.H.D." as the plaintiff in this action, and the defendant objected to the substitution on grounds including that the proposed substitute plaintiff had no legal standing as it was not the party that did the work or that filed the mechanic's lien. The defendant also filed a motion to dismiss the plaintiff's complaint for, inter alia, lack of standing,[3] which the trial court granted without objection on March 31, 2014.

On March 11, 2014, the plaintiff filed a "motion to strike and/or dismiss the defendant's counterclaims," in which he alleged that the counterclaim, in actuality, was directed at North Haven Drywall, LLC, and not at the plaintiff. The defendant filed an objection in which he argued that the plaintiff's motion was improper because (1) it was not accompanied by a memorandum of law, in violation of Practice Book § 10-42, and (2) all four counts of his counterclaim are against the plaintiff individually and not against North Haven Drywall, LLC. He also argued that a motion to dismiss was not the proper procedural vehicle for the alleged failure to join a necessary party because such a defect did not affect the court's subject matter jurisdiction.

On April 29, 2014, the court granted the plaintiff's motion without a written decision. On September 30, 2014, the defendant filed a request for leave to amend his counterclaim, and he filed a proposed amendment. The plaintiff objected on the ground that the counterclaim had been dismissed on April 29, 2014, and there was no pending case. The defendant, however, contended that it was not clear whether the court had dismissed or stricken the counterclaim, as no judgment of dismissal had been entered. On December 2, 2014, the court rendered a judgment of dismissal explaining that it previously had granted the plaintiff's motion to dismiss the four count counterclaim. This appeal followed.[4]

On appeal, the defendant claims that the court improperly dismissed his counterclaim for two reasons, namely, (1) that the court incorrectly ruled that all four of counts were directed solely at North Haven Drywall, LLC, and that North Haven Drywall, LLC, was a necessary or indispensable party to each count;[5] and (2) that, even if the court correctly determined that North Haven Drywall, LLC, was a necessary party, the failure to join a necessary party is not jurisdictional, and the court, therefore, should have granted the plaintiff's motion to strike, rather than dismiss, the counterclaim, which would have given him an opportunity to replead. We agree that the court improperly dismissed the counterclaim on the ground that the defendant failed to join a necessary or indispensable party.[6]

"The standard of review for a court's decision on a

motion to dismiss . . . is well settled. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged. . . .

"Trial courts addressing motions to dismiss for lack of subject matter jurisdiction . . . may encounter different situations, depending on the status of the record in the case. . . . Different rules and procedures will apply, depending on the state of the record at the time the motion is filed.

"When a trial court decides a jurisdictional question raised by a pretrial motion to dismiss on the basis of the complaint [or counterclaim] alone, it must consider the allegations . . . in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint [or counterclaim], including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . .

"In contrast, if the complaint [or counterclaim] is supplemented by undisputed facts established by affidavits submitted in support of the motion to dismiss . . . other types of undisputed evidence . . . and/or public records of which judicial notice may be taken . . . the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint [or counterclaim]. . . . Rather, those allegations are tempered by the light shed on them by the [supplementary undisputed facts]. . . . If affidavits and/or other evidence submitted in support of a . . . motion to dismiss conclusively establish that jurisdiction is lacking, and the [nonmoving party] fails to undermine this conclusion with counteraffidavits . . . or other evidence, the trial court may dismiss the action without further proceedings. . . . If, however, the [moving party] submits either no proof to rebut the . . . jurisdictional allegations . . . or only evidence that fails to call those allegations into question . . . the [moving party] need not supply counteraffidavits or other evidence to support the complaint [or counterclaim], but may rest on the jurisdictional allegations therein." (Citation omitted; emphasis omitted; internal quotation marks omitted.) *Astoria Federal Mortgage Corp.* v. *Genesis Ltd. Partnership*, 167 Conn. App. 183, 191–93, 143 A.3d 1121 (2016).

In the present case, the plaintiff filed a motion seeking either to dismiss or to strike the defendant's counterclaim on the ground that North Haven Drywall, LLC,

was an indispensable or necessary party to each of the four counts alleged therein. The trial court determined that this was a matter of subject matter jurisdiction, and it granted the plaintiff's motion to dismiss. The court concluded that, because the defendant had alleged that he had contracted with North Haven Drywall, LLC, throughout each count of his counterclaim, and each count necessarily involved the LLC and/or the plaintiff acting as the manager or member of the LLC, the LLC was an indispensable party, and the court did not have subject matter jurisdiction over the counterclaim. We disagree with the court's conclusion.

"[T]he function of the motion to dismiss is different from that of the motion to strike. [The motion to dismiss] essentially asserts that, as a matter of law and fact, a plaintiff cannot state a cause of action that is properly before the court. . . . [S]ee Practice Book § 10-31. By contrast, the motion to strike attacks the sufficiency of the pleadings. Practice Book § 10-39 . . . . There is a significant difference between asserting that a plaintiff cannot state a cause of action and asserting that a plaintiff has not stated a cause of action, and therein lies the distinction between the motion to dismiss and the motion to strike." (Internal quotation marks omitted.) *Pecan* v. *Madigan* 97 Conn. App. 617, 621, 905 A.2d 710 (2006), cert. denied, 281 Conn. 919, 918 A.2d 271 (2007).

As this court previously has observed: "[T]he nonjoinder of an indispensable party . . . would create a jurisdictional defect, and therefore require dismissal, *only if* a statute mandates the naming and serving of [a particular] party." (Emphasis altered; internal quotation marks omitted.) *Yellow Cab Co. of New London & Groton, Inc.* v. *Dept. of Transportation*, 127 Conn. App. 170, 176–77, 13 A.3d 690, cert. denied, 301 Conn. 908, 19 A.3d 178 (2011). For example, our Supreme Court held in *Simko* v. *Zoning Board of Appeals*, 205 Conn. 413, 533 A.2d 879 (1987), that the failure to name the town clerk in a zoning appeal deprived the trial court of subject matter jurisdiction because General Statutes (Rev. to 1986) § 8-8 (b), at that time, provided in relevant part that "[n]otice of such appeal shall be given by . . . serving a true and attested copy upon the clerk of the municipality." Id., 414 n.2. "Conversely, when a party is indispensable but is not required by statute to be made a party, the [trial] court's subject matter jurisdiction is not implicated and dismissal is not required." *Demarest* v. *Fire Dept.*, 76 Conn. App. 24, 31, 817 A.2d 1285 (2003); see *D'Appollonio* v. *Griffo-Brandao*, 138 Conn. App. 304, 313, 53 A.3d 1013 (2012); *Yellow Cab Co. of New London & Groton, Inc.* v. *Dept. of Transportation*, supra, 176–77.

Pursuant to General Statutes § 52-108: "An action *shall not be defeated* by the nonjoinder or misjoinder of parties. New parties may be added and summoned

in, and parties misjoined may be dropped, by order of the court, at any stage of the action, as the court deems the interests of justice require." (Emphasis added.) See also Practice Book § 9-19;[7] *Hilton* v. *New Haven*, 233 Conn. 701, 721–22, 661 A.2d 973 (1995) (plaintiffs' failure to join state as indispensable party does not implicate trial court's subject matter jurisdiction, but, nevertheless, pursuant to Practice Book § 99 [now § 9-18],[8] trial court may refuse to continue with case until indispensable party summoned).

Practice Book §§ 10-39[9] and 11-3[10] also provide that a party's *exclusive remedy* for nonjoinder or for misjoinder of parties is by the filing of a motion to strike. See also *Bauer* v. *Souto*, 277 Conn. 829, 838–39, 896 A.2d 90 (2006); *George* v. *St. Ann's Church*, 182 Conn. 322, 325, 438 A.2d 97 (1980); *Kosiorek* v. *Smigelski*, 138 Conn. App. 695, 705, 54 A.3d 564 (2012).

"It is well established . . . that an action cannot be defeated due to the nonjoinder or misjoinder of parties, and failure to notify or join indispensable parties does not deprive a court of subject matter jurisdiction. General Statutes § 52-108 . . . . Instead, the remedy for nonjoinder of parties is by motion to strike." (Internal quotation marks omitted.) *Fountain Pointe, LLC* v. *Calpitano*, 144 Conn. App. 624, 648–49, 76 A.3d 636, cert. denied, 310 Conn. 928, 78 A.3d 147 (2013); see also *Hilton* v. *New Haven*, supra, 233 Conn. 721.

In the present case, the defendant filed a four count counterclaim against the plaintiff. After the plaintiff's complaint was dismissed, the plaintiff moved to dismiss or to strike all four counts of the counterclaim on the ground that North Haven Drywall, LLC, was a necessary or indispensable party to each count. The court agreed that the defendant's counterclaim was focused against the LLC and/or against Izzo acting as the manager or member of the LLC. On that basis, the court concluded that North Haven Drywall, LLC, was a necessary party to the case, and that it lacked subject matter jurisdiction over the matter.

Concluding, in accordance with our precedent, that the failure to join a necessary or indispensable party does not involve the court's subject matter jurisdiction; see General Statutes §§ 52-107 and 52-108; Practice Book §§ 9-18, 10-39 and 11-3; *Hilton* v. *New Haven*, supra, 233 Conn. 721–22; *Fountain Pointe, LLC* v. *Calpitano*, supra, 144 Conn. App. 648–49; *D'Appollonio* v. *Griffo-Brandao*, supra, 138 Conn. App. 313; we reverse the judgment of dismissal and remand the case to the trial court for further proceedings according to law.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

[1] The plaintiff filed his action against the defendant naming him both as Richard M. Quinn and Richard W. Quinn. The defendant filed an affidavit with the trial court stating that he is "sometimes known as Richard W.

Quinn and mistakenly identified as Richard M. Quinn . . . ." To avoid confusion, we refer to the defendant as Richard Quinn.

[2] "[T]he use of a fictitious or assumed business name does not create a separate legal entity . . . [and] [t]he designation [doing business as] . . . is merely descriptive of the person or corporation who does business under some other name . . . . [I]t signifies that the individual is the owner and operator of the business whose trade name follows his . . . ." (Internal quotation marks omitted.) *Youngman* v. *Schiavone*, 157 Conn. App. 55, 56 n.1, 115 A.3d 516 (2015). In other words, the real party in interest is Izzo, and New Haven Drywall merely is descriptive.

[3] The defendant's evidence in support of his motion to dismiss includes, in relevant part: (1) his affidavit; (2) a copy of the contract between Richard Quinn and North Haven Drywall, LLC; (3) a claim of lien that was filed with the Hamden town clerk on November 21, 2012, in the name of N.H.D., LLC, which was signed by Izzo, as a member of N.H.D., LLC, and filed against the defendant's property, which apparently was not served on the defendant; (4) a claim of lien that was filed with the Hamden town clerk on December 4, 2012, by Izzo and filed against the defendant's property; and (5) a copy of the marshal's return of service for the December 4, 2012 mechanic's lien.

[4] The defendant filed a motion for articulation and a motion for review. We granted the motion for review and directed the trial court to articulate the basis of its judgment of dismissal. On September 10, 2015, the court issued a memorandum of decision detailing the basis of its dismissal of the defendant's counterclaim.

[5] "In the past, there had been a distinction between 'necessary' and 'indispensable' parties. See *Shields* v. *Barrow*, 58 U.S. (17 How.) 130, 139, 15 L. Ed. 158 (1855) (defining both terms). Over time, however, this distinction has become less pronounced; see *Sturman* v. *Socha*, 191 Conn. 1, 6, 463 A.2d 527 (1983) (recognizing that misleading nature of terms 'has resulted in a blurring of the distinction typically drawn between them'); and provisions of our Practice Book and General Statutes currently refer only to necessary parties. See, e.g., Practice Book §§ 9-6 and 9-24; General Statutes §§ 8-8 (f) and 12-638n." *In re Devon B.*, 264 Conn. 572, 580 n.12, 825 A.2d 127 (2003). We use those terms interchangeably throughout this opinion.

[6] Because we agree that the court improperly dismissed the counterclaim for failure to join a necessary party, and the defendant already has filed a request for leave to amend his counterclaim and his proposed amendments, we need not address, at this juncture, whether North Haven Drywall, LLC, is a necessary party.

[7] Practice Book § 9-19 provides in relevant part: "Except as provided in Sections 10-44 and 11-3 no action shall be defeated by the nonjoinder or misjoinder of parties. New parties may be added and summoned in, and parties misjoined may be dropped, by order of the judicial authority, at any stage of the cause, as it deems the interests of justice require. . . ."

[8] Practice Book § 9-18 provides in relevant part: "The judicial authority may determine the controversy as between the parties before it, if it can do so without prejudice to the rights of others; but, if a complete determination cannot be had without the presence of other parties, the judicial authority may direct that they be brought in. If a person not a party has an interest or title which the judgment will affect, the judicial authority, on its motion, shall direct that person to be made a party. . . ." See also General Statutes § 52-107 (containing similar language).

[9] Practice Book § 10-39 provides: "(a) A motion to strike shall be used whenever any party wishes to contest: (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted; or (2) the legal sufficiency of any prayer for relief in any such complaint, counterclaim or cross complaint; or (3) the legal sufficiency of any such complaint, counterclaim or cross complaint, or any count thereof, because of the absence of any necessary party or, pursuant to Section 17-56 (b), the failure to join or give notice to any interested person; or (4) the joining of two or more causes of action which cannot properly be united in one complaint, whether the same be stated in one or more counts; or (5) the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein.

"(b) Each claim of legal insufficiency enumerated in this section shall be separately set forth and shall specify the reason or reasons for such claimed insufficiency.

"(c) Each motion to strike must be accompanied by a memorandum of law citing the legal authorities upon which the motion relies.

"(d) A motion to strike on the ground of the nonjoinder of a necessary party or noncompliance with Section 17-56 (b) must give the name and residence of the missing party or interested person or such information as the moving party has as to the identity and residence of the missing party or interested person and must state the missing party's or interested person's interest in the cause of action."

[10] Practice Book § 11-3 provides: "The exclusive remedy for misjoinder of parties is by motion to strike. As set forth in Section 10-39, the exclusive remedy for nonjoinder of parties is by motion to strike."

—————————————————