******************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

MARY JACKSON ET AL. *v.* PENNYMAC
LOAN SERVICES, LLC
(AC 43042)

Bright, C. J., and Prescott and Flynn, Js.

*Syllabus*

The plaintiffs appealed from the trial court's dismissal of their action against
the defendant, a mortgage servicing company, in which they alleged
that the defendant violated the mortgage release statute (§ 49-8) by
failing to provide a timely and valid release of their mortgage. The court
dismissed the action for lack of subject matter jurisdiction due to the
plaintiffs' alleged failure to demonstrate their compliance with the
requirements of § 49-8 (c) regarding the statutory demand notice for
release of the mortgage. This ground was not argued by the defendant
in its motion to dismiss. On appeal, the plaintiffs claimed that the trial
court deprived them of due process by dismissing their action on a
ground that the court raised sua sponte without affording them notice
or an opportunity to be heard. *Held*:

1. The trial court improperly granted the motion to dismiss, as that court
improperly addressed, sua sponte, the issue of the plaintiffs' alleged
noncompliance with the statutory demand notice requirements in § 49-
8 (c) without first providing the plaintiffs with notice or a reasonable
opportunity to submit evidence of their compliance with those require-
ments; the plaintiffs were not given the opportunity to contest whether
they were required to demonstrate on the notice that was attached to
the complaint that the notice had been received by the defendant or its
attorney, and the defendant's special defenses that alleged that the
plaintiffs failed to satisfy all conditions precedent, including sending
the required written demand notice to the defendant, were insufficient
to place the plaintiffs on notice that they were required to demonstrate
that they complied with the notice requirements of § 49-8 (c); moreover,
any alleged failure to satisfy the written demand notice requirements
did not deprive the court of jurisdiction to hear the matter, but rather
impacted the court's authority to grant the relief sought by the plaintiffs;
furthermore, regardless of whether the issue was jurisdictional or simply
related to the court's authority, due process required the defendant to
have raised in its motion to dismiss the issue of the plaintiffs' compliance
with the statutory demand notice requirements of § 49-8 (c) or, failing
that, required the court to have provided the parties with notice that
the statutory demand notice requirements issue was to be decided before
it granted the defendant's motion to dismiss on that ground.

2. The defendant could not prevail on its claim that the dismissal of the
plaintiffs' action could be affirmed on the alternative ground that they
were not aggrieved pursuant to § 49-8 because they did not suffer any
harm and, therefore, did not have standing, as § 49-8 was a penalty
statute that did not require the plaintiffs to suffer actual damages; the
defendant did not provide evidence that it complied with the statute
(§ 49-9a) that would have upheld the defendant's release of mortgage
that contained a "scrivener's error," and the plain language of § 49-8
provided damages for aggrieved persons if the mortgagee fails to execute
or deliver a timely release of mortgage, and the plaintiffs, who allegedly
did not receive a timely release of the mortgage on their property after
they undisputedly sold the property in a short sale, were accordingly
aggrieved persons within the meaning of § 49-8.

Argued November 12, 2020—officially released June 8, 2021

*Procedural History*

Action to recover damages for the defendant's failure
to timely release a certain mortgage, and for other relief,
brought to the Superior Court in the judicial district of
New Haven, where the court, *Wilson, J.*; dismissed the
plaintiffs' action, and the plaintiffs appealed to this

court. *Reversed; further proceedings.*

*Sabato P. Fiano*, with whom, on the brief, was *Lori A. DaSilva-Fiano*, for the appellants (plaintiffs).

*Jeffrey C. Ankrom*, with whom, on the brief, was *Donald E. Frechette*, for the appellee (defendant).

*Opinion*

FLYNN, J. The plaintiffs, Mary Jackson and Johnnie Jackson, appeal from the judgment of the trial court granting the motion of the defendant, Pennymac Loan Services, LLC, to dismiss the action of the plaintiffs in which they alleged that the defendant violated General Statutes § 49-8 (c) by failing to provide a timely release of their mortgage. The defendant did not argue in its motion that the action should be dismissed for lack of subject matter jurisdiction due to the plaintiffs' alleged failure to satisfy the requirements of § 49-8 (c) regarding a statutory demand notice for release of the mortgage. Nevertheless, the court dismissed the action on that ground. On appeal, the plaintiffs claim that the court deprived them of due process by dismissing their action on a ground that the court had raised sua sponte without affording them notice or an opportunity to be heard. We agree with the plaintiffs that neither the defendant's motion to dismiss nor the court alerted them that their alleged noncompliance with the statutory demand notice requirements in § 49-8 (c) was at issue and, accordingly, we reverse the judgment of the trial court.

At the outset, we note that at the center of the plaintiffs' appeal is § 49-8, which concerns, inter alia, the release of a satisfied mortgage, and provides in relevant part: "(a) The mortgagee or a person authorized by law to release the mortgage shall execute and deliver a release to the extent of the satisfaction tendered before or against receipt of the release: (1) Upon the satisfaction of the mortgage . . . . (c) The mortgagee or plaintiff or the plaintiff's attorney, as the case may be, shall execute and deliver a release within sixty days from the date a written request for a release of such encumbrance (1) was sent to such mortgagee, plaintiff or plaintiff's attorney at the person's last-known address by registered or certified mail, postage prepaid, return receipt requested, or (2) was received by such mortgagee, plaintiff or plaintiff's attorney from a private messenger or courier service or through any means of communication, including electronic communication, reasonably calculated to give the person the written request or a copy of it. The mortgagee or plaintiff shall be liable for damages to any person aggrieved at the rate of two hundred dollars for each week after the expiration of such sixty days up to a maximum of five thousand dollars or in an amount equal to the loss sustained by such aggrieved person as a result of the failure of the mortgagee or plaintiff or the plaintiff's attorney to execute and deliver a release, whichever is greater, plus costs and reasonable attorney's fees."

The following facts and procedural history, as stated by the trial court, are relevant to the resolution of the plaintiffs' claims on appeal. "On May 7, 2018, the plaintiffs . . . filed a two count complaint against the defendant . . . alleging the following facts. The plaintiffs

owned property known as 261 Winthrop Avenue in New Haven, Connecticut (property). [The] property was encumbered by a mortgage given by the plaintiffs, dated October 13, 2010, and recorded on October 15, 2010, in the New Haven land records (land records) that, after several assignments, was assigned to the defendant by assignment dated January 2, 2014, and recorded on January 14, 2014, in the land records. On or about January 20, 2016, the plaintiffs paid off the mortgage to the defendant by wire transfer in accordance with the defendant's payoff statement, which the plaintiffs and the defendant had negotiated. The defendant was notified of the statutorily mandated sixty day period to issue a valid release of the mortgage pursuant to . . . § 49-8, but the defendant failed to timely provide a proper and valid executed release of mortgage within that time period. The defendant violated § 49-8 and is liable for statutory damages in the amount of $5000, plus reasonable attorney's fees and costs." (Footnotes omitted.) The court further stated that the defendant filed an answer and special defenses in which it alleged that it was assigned the subject mortgage on the property and received sufficient funds to pay off the mortgage, however, the defendant denied that it had failed to provide a proper and valid release. The defendant moved to dismiss the action for lack of subject matter jurisdiction on the grounds that the plaintiffs were neither classically nor statutorily aggrieved. Alternatively, the defendant sought summary judgment.

In a decision filed May 21, 2019, the court granted the defendant's motion to dismiss. The court determined that "§ 49-8 is a penalty statute, and the plaintiffs can be, potentially, statutorily aggrieved simply by not having received a timely valid release from the defendant within sixty days of the requisite notice/request for release of mortgage having been sent and/or received . . . . The plaintiffs can only be aggrieved pursuant to § 49-8 if they have strictly complied with the statutory notice provisions." Although the court never notified the plaintiffs that it was considering granting the motion to dismiss on grounds that it had raised sua sponte concerning the plaintiffs' compliance with the statutory demand notice requirements in § 49-8 (c), it, nonetheless, did so. It concluded that the plaintiffs had not complied with these requirements: "First, the plaintiffs fail to indicate on the notice itself, and fail to present other evidence in support, that the notice was 'sent' to the defendant by registered or certified mail, return receipt requested, as required by the statute. Second, the plaintiffs fail to indicate on the notice itself, and fail to present other evidence in support, that the notice was 'received' by the defendant or the defendant's attorney from a private messenger or courier service or through any means of communication, including electronic communication, as required by statute. . . . The court has further reason to doubt that

the plaintiffs have sufficiently complied with the requirements in the statute; specifically, that the plaintiffs sent such notice to the defendant's last known address. In the assignment of the mortgage to the defendant, the address for the defendant is listed as: 6101 Condor Drive, Moorpark, CA 93021-2603. . . . The notice, however, lists a different zip code than the one provided on the assignment. The notice is addressed with the zip code 93201." (Internal quotation marks omitted.) The court concluded that, because "the plaintiffs have not met their burden of establishing that they complied with statutory demand notice in § 49-8, the court lacks subject matter jurisdiction. Therefore, the defendant's motion to dismiss is granted. In light of the court's ruling on the motion to dismiss, it need not address the alternate motion for summary judgment." This appeal followed.

## I

The plaintiffs claim that the court violated their right to due process when it granted the defendant's motion to dismiss on grounds that the court had raised sua sponte. The plaintiffs specifically contend that the defendant did not raise in its motion to dismiss the issue of their alleged failure to satisfy the statutory demand notice requirements in § 49-8 (c), and that the court did not give them notice or an opportunity to be heard and present evidence of their compliance on that issue before it determined that their failure to satisfy those statutory requirements caused them to lack standing. We agree.

The following principles guide our analysis. Our review of the court's decision on a motion to dismiss is plenary. See *Izzo* v. *Quinn*, 170 Conn. App. 631, 636, 155 A.3d 315 (2017). Additionally, our review of whether a party has been deprived of due process is a question of law over which our review is plenary. See *Mikucka* v. *St. Lucian's Residence, Inc.*, 183 Conn. App. 147, 160–61, 191 A.3d 1083 (2018).

The language of § 49-8 (c) indicates that the defendant is required to provide a release of mortgage, to the extent of the satisfaction, within sixty days from the date that the plaintiffs properly sent a written demand for release of such mortgage or from the date that it was properly received. General Statutes § 49-8 (c). The issue of the plaintiffs' alleged failure to comply with the statutory demand notice requirements in § 49-8 (c), however, was not raised by the defendant in its motion to dismiss, in its accompanying memorandum of law, or during argument on the motion to dismiss. Rather, in its motion to dismiss, the defendant claimed that the plaintiffs lacked standing because "they never suffered any harm and thus are neither classically nor statutorily aggrieved." In its memorandum of law in support of its motion to dismiss, the defendant argued that the plaintiffs did not suffer an injury because the

defendant had provided a release of mortgage that was effective to discharge the mortgage, despite a "typographical error," and that the plaintiffs were not aggrieved because they were not the owners of the property.

Although the plaintiffs, in their complaint, alleged an injury to an interest protected by § 49-8, the court determined that the plaintiffs were not aggrieved because they had failed to *demonstrate*, by the notice itself or by other evidence, that they had complied strictly with the requirements regarding a statutory demand notice for release of mortgage in § 49-8 (c). "A fundamental premise of due process is that a court cannot adjudicate any matter unless the parties have been given a reasonable opportunity to be heard on the issues involved . . . . Generally, when the exercise of the court's discretion depends on issues of fact which are disputed, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Citation omitted; internal quotation marks omitted.) *Szot* v. *Szot*, 41 Conn. App. 238, 241, 674 A.2d 1384 (1996); see also *Conboy* v. *State*, 292 Conn. 642, 652, 974 A.2d 669 (2009) ("where a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts").

We conclude that the court improperly addressed, sua sponte, the issue of the plaintiffs' alleged noncompliance with the statutory demand notice requirements in § 49-8 (c) without first providing the plaintiffs with notice or a reasonable opportunity to submit evidence of their compliance with those requirements. Additionally, the plaintiffs did not have an opportunity to contest whether they were required to demonstrate on the notice that was attached to the complaint that the notice had been received by the defendant mortgagee or its attorney.

The defendant argues that the court properly concluded that the plaintiffs failed to demonstrate that they had complied with the statutory written demand notice for release of mortgage requirements in § 49-8 (c). The defendant argues that the plaintiffs "had sufficient opportunity to demonstrate they fulfilled all conditions precedent" and that the plaintiffs "refused to present any evidence" of their compliance with the statutory demand notice requirements in § 49-8 (c). The defendant's argument, however, *presumes* that the plaintiffs knew that compliance with the statutory demand notice requirements in § 49-8 (c) was at issue in the motion to dismiss and that they had an opportunity to present evidence. This argument *ignores* the dispositive fact that neither the defendant movant nor the court notified the plaintiffs that an issue to be decided by the court

in ruling on the defendant's motion to dismiss was whether the plaintiffs had complied with those statutory requirements.

The defendant, nonetheless, contends that the plaintiffs somehow were on notice that the court might grant the motion to dismiss, sua sponte, on grounds relating to the plaintiffs' compliance with the statutory demand notice requirements in § 49-8 (c) by virtue of the defendant's special defenses. The defendant raised as a special defense to the complaint that the plaintiffs failed to satisfy all conditions precedent, including sending the required written demand notice to the defendant. We are not persuaded.

If the defendant wanted to place the plaintiffs on notice that it was seeking to have the court address this issue when ruling on its motion to dismiss, it needed to raise the issue *in connection* with its motion to dismiss. The defendant's special defenses did not place the plaintiffs on notice that the issue, which was never raised in the motion to dismiss, could be the dispositive basis for the court's decision. "The purpose of requiring written motions is not only the orderly administration of justice . . . but the fundamental requirement of due process of law." (Citation omitted; internal quotation marks omitted.) *Berglass* v. *Berglass*, 71 Conn. App. 771, 783, 804 A.2d 889 (2002).

The defendant next cites *Ghent* v. *Meadowhaven Condominium, Inc.*, 77 Conn. App. 276, 823 A.2d 355 (2003), as authority for its contention that it was the plaintiffs' burden, somehow, to anticipate that the court would raise, sua sponte, the issue of their alleged noncompliance with the statutory demand notice requirements in § 49-8 (c), which the defendant argues is a condition precedent that must be satisfied in order for the trial court to have subject matter jurisdiction. The defendant contends that the plaintiffs' failure to satisfy that condition precedent warrants this court's dismissal of the appeal for lack of jurisdiction. We disagree.

This court decided in *Ghent* that the requirements in "[General Statutes] §§ 49-8 and 49-13 act as a limitation on the trial court's general authority to grant relief, but do not involve its subject matter jurisdiction . . . ." Id., 278 n.1. "A court does not truly lack subject matter jurisdiction if it has competence to entertain the action before it. . . . Although related, the court's authority to act pursuant to a statute is different from its subject matter jurisdiction. The power of the court to hear and determine, which is implicit in jurisdiction, is not to be confused with the way in which that power must be exercised in order to comply with the terms of the statute." (Citations omitted; internal quotation marks omitted.) *Amodio* v. *Amodio*, 247 Conn. 724, 728, 724 A.2d 1084 (1999). Consequently, any alleged failure to satisfy the written demand notice requirement, does not deprive the court of jurisdiction to hear the matter,

but rather it impacts the court's authority to grant the relief sought by the plaintiffs. Furthermore, regardless of whether the issue is jurisdictional or simply relates to the trial court's authority, due process requires the movant to have raised in its motion to dismiss the issue of the plaintiffs' compliance with the statutory demand notice requirements in § 49-8 (c) or, failing that, requires that the court to have provided the parties with notice that the issue was to be decided before it granted the defendant's motion to dismiss on that ground. Lack of that notice prevented the plaintiffs from presenting evidence that they had complied with the statutory demand notice requirements in § 49-8 (c).

## II

The defendant argues that the court's granting of the motion to dismiss should be affirmed on the alternative grounds that the plaintiffs were not aggrieved pursuant to § 49-8 and, therefore, did not have standing because they (1) did not suffer any damages and cannot demonstrate any legally cognizable harm, (2) did not suffer any possibility of harm, and (3) are not the owners of the property. The defendant raised these issues in its motion to dismiss and the court, in its memorandum of decision, disagreed with the defendant's standing arguments. We also are not persuaded by these arguments.

Our review of a court's legal conclusion regarding standing is plenary. *Heinonen* v. *Gupton*, 173 Conn. App. 54, 59, 162 A.3d 70, cert. denied, 327 Conn. 902, 169 A.3d 794 (2017). To establish statutory standing, the plaintiffs must "claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *State Marshal Assn. of Connecticut, Inc.* v. *Johnson*, 198 Conn. App. 392, 402, 234 A.3d 111 (2020). Statutory interpretation involves a question of law over which our review is plenary. *Friezo* v. *Friezo*, 281 Conn. 166, 180, 914 A.2d 533 (2007).

Section 49-8 sounds in tort and prescribes damages for a breach of the statutory duty to release a mortgage. *Bellemare* v. *Wachovia Mortgage Corp.*, 284 Conn. 193, 200–201, 931 A.2d 916 (2007). In their complaint, the plaintiffs claimed an injury to an interest protected by § 49-8, namely, the defendant's failure to release the mortgage timely following their satisfaction of the mortgage, which is sufficient to demonstrate standing under the statute. "A statutorily aggrieved person need not have sustained any injury." *Lewis* v. *Planning & Zoning Commission*, 62 Conn. App. 284, 297, 771 A.2d 167 (2001).

Section 49-8 (c) specifies that the mortgagee is liable to an aggrieved person for the greater of either $200 for each week after the expiration of the sixty days up to a maximum of $5000 or an amount equal to the loss sustained by the aggrieved person as a result of the

failure to execute and deliver a release. General Statutes § 49-8 (c). This court held in *Bellemare* v. *Wachovia Mortgage Corp.*, 94 Conn. App. 593, 602, 894 A.2d 335 (2006), aff'd, 284 Conn. 193, 931 A.2d 916 (2007), that, "even though § 49-8 allows the aggrieved party to recover actual damages, the statute does not require that the aggrieved party suffer actual damages in order to recover. In that light, it is apparent that the right vested in mortgagors by § 49-8 is to exact a penalty on a mortgagee who fails, on proper demand, to provide a release of mortgage within the statutorily prescribed time. Because the wronged party is entitled to an award of damages irrespective of whether there has been a showing of actual damages, the statute best can be understood as a coercive means to penalize those who violate its prescriptions." Because § 49-8 is a penalty statute that does not require the plaintiffs to suffer actual damages, the defendant cannot prevail on its argument that the plaintiffs lack standing because they did not suffer actual damages.

The defendant further argues that the plaintiffs lacked standing because they have not suffered any possibility of harm. The defendant contends that the original release can be considered valid pursuant to General Statutes § 49-9a, despite a "scrivener's error." The defendant noted in its appellate brief that it had executed the release as the attorney-in-fact for Bank of America, N.A., when the defendant, as the mortgagee, should have executed the release in its own name, Pennymac Loan Services, LLC. The release states that "Bank of America, N.A., is the holder of a certain Mortgage that was made by Mary L. Jackson and Johnnie Jackson . . . Bank of America, N.A., does hereby acknowledge that it has received full payment and satisfaction . . . and in consideration thereof, does hereby cancel and release said Mortgage." The release was signed by "Bank of America, N.A., by Pennymac Loan Services, LLC, its Attorney-in-Fact . . . Kristopher Sandberg." In its memorandum of law in support of its motion to dismiss, the defendant noted that although it, and not Bank of America, N.A., was the mortgagee, pursuant to the savings clause of § 49-9a, a release is valid as if it had appeared in the name of the mortgagee. Section 49-9a (a) provides in relevant part that "a release of mortgage executed by any person other than an individual that is invalid because it is not issued or executed by, or fails to appear in the name of the record holder of the mortgage on one, two, three or four-family residential real property located in this state . . . shall be as valid as if it had been issued or executed by, or appeared in the name of, the record holder of the mortgage . . . provided *an affidavit is recorded* in the land records of the town where the mortgage was recorded [and states certain facts as specified in subdivisions (1) through (4) of subsection (a)]." (Emphasis added.) The court determined that it was not necessary

to address the defendant's argument regarding § 49-9a. The court noted that, even if that statute were applicable, the statute requires that an affidavit be recorded in the land records as a condition precedent, and the defendant failed to provide the court with a copy of such an affidavit and that the defendant's attorney noted that he had not filed such an affidavit. We agree with the court that in the absence of evidence of the recording of an affidavit pursuant to § 49-9a (a), the defendant could not invoke that statute.

Alternatively, the defendant contends that the original release was effective despite a "scrivener's error" and further argues that, regardless of the effectiveness of the original release, the corrected release was retroactively effective as to the date of the recording of the original release. The court was not persuaded by these arguments and neither are we. In order to establish standing, the plaintiffs need only "a colorable claim of injury," and they can establish aggrievement by demonstrating "a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *AvalonBay Communities, Inc.* v. *Orange*, 256 Conn. 557, 568, 775 A.2d 284 (2001). The plaintiffs allege in their complaint that they paid off the mortgage and that the defendant failed to timely release the mortgage after having been given notice. These allegations contain a colorable claim of injury. The issues of whether the original release was valid or whether the corrected release cured any defect do not implicate standing. Instead, those issues relate to the merits of the plaintiffs' claim that the defendant violated § 49-8 by failing to release the mortgage timely.

The defendant additionally argues, as an alternative ground for affirmance, that the plaintiffs did not suffer any monetary damages and, therefore, lack standing because they were not the owners of the property and had received forgiveness of $72,256.44 through a short sale of the property. In their complaint, the plaintiffs alleged that the defendant failed to provide a valid timely release of mortgage and that "[a]t all times herein mentioned" the plaintiffs were the owners of the property. Attached as an exhibit to the complaint was a copy of a document in which the defendant approved the plaintiffs' request for a short sale of the property and provided that, if certain terms, which included the defendant receiving the net proceeds from the sale, were met then the defendant would release the mortgage upon its satisfaction. Also attached to the complaint was a copy of a January 25, 2016 wire transfer receipt showing the negotiated payment from the plaintiffs to the defendant. The defendant attached to its "motion to dismiss or, in the alternative, for summary judgment" an affidavit of Johnny Morton, a foreclosure operations supervisor of the defendant, in which Morton stated that, in January, 2016, the defendant agreed

to accept all net proceeds of a short sale of the property in exchange for satisfaction of the mortgage, and that, on January 25, 2016, the defendant was paid in full satisfaction of the mortgage. In its memorandum of law in opposition to the defendant's motion to dismiss, the plaintiffs do not dispute the existence of a short sale, but contend that they have standing to bring an action pursuant to § 49-8 because Superior Court case law indicates that a homeowner who gave a warranty deed to an eventual buyer of the property has a legally protected interest in providing clear and marketable title to that property. See *New England Home Buyers*, *LLC* v. *DMR Builders*, *LLC*, Superior Court, judicial district of Waterbury, Docket No. CV-08-5011625-S (May 5, 2009).

Although the trial court did not find facts relating to the ownership of the property, it is undisputed that there was an agreement for a short sale of the property. The court concluded that the defendant could not prevail on its arguments regarding standing and stated that "[t]he statute clearly contemplates that a mortgagor can bring an action pursuant to § 49-8, and that a party does not have to suffer actual loss or injury in order to be 'aggrieved' pursuant to this statute," and determined that the plaintiffs, as the mortgagors, were potentially aggrieved parties pursuant to § 49-8 if they satisfied the statutory demand notice provision of the statute.

The defendant has not cited any case law, nor are we aware of any, that provides that *mortgagors* who alleged in their complaint that the mortgagee failed to timely release their mortgage, somehow, are not aggrieved pursuant to § 49-8. The plain language of § 49-8 (c) provides that "[t]he mortgagee . . . shall be liable for damages to *any person aggrieved* . . . ." (Emphasis added.) This court's decision in *Hall* v. *Kasper Associates*, *Inc.*, 81 Conn. App. 808, 846 A.2d 228 (2004), reinforces the notion that the ability to be aggrieved pursuant to § 49-8 (c) is not exclusive to property owners. In *Hall*, the seller's attorney who had signed an agreement that indemnified the title insurer from any loss suffered as a result of an unreleased mortgage encumbrance was a "person aggrieved" pursuant to § 49-8 (c). Id., 812–13.

Even if we were to conclude that the statute is ambiguous; see General Statutes § 1-2z; we nonetheless would reach the same conclusion in light of the following legislative history. In *Bellemare* v. *Wachovia Mortgage Corp.*, supra, 94 Conn. App. 604–605, which concerned whether the trial court properly determined that the tort statute of limitations applied to the claim of the plaintiff mortgagor, who had sold her home, that the defendant mortgagee failed to deliver a timely release of mortgage upon her satisfaction of the mortgage, this court noted: "[I]n 1986, during the hearings to amend § 49-8a, the cousin of § 49-8, Representative William L.

Wollenberg noted the 'constant problem in the real estate [world] with mortgage releases . . . . When it comes time to sell a house or any real estate a release of that mortgage is necessary. . . . What has developed is an extreme difficulty in getting out of state mortgage companies and financial people . . . [t]o . . . give you the pay off, let alone a formal release of the mortgage for the land records.' 29 H.R. Proc., Pt. 11, 1986 Sess., pp. 4167–68. . . . [I]n 1995, § 49-8 was amended as part of 'An Act Concerning Release or Satisfaction of a Mortgage Lien.' Public Acts 1995, No. 95-102, § 1. The stated purpose of 'An Act Concerning Release or Satisfaction of a Mortgage Lien' was to 'revise the procedure for the release or satisfaction of a mortgage lien by increasing incentives to assure lenders comply with laws requiring releases and by enhancing the remedies and options available to mortgagors and attorneys when lenders fail to comply.' . . . Accordingly, the legislative history and statutory scheme of § 49-8 establish that the statute was enacted and continues not only to protect property owners, but it has a more general purpose of enhancing the marketability of titles and facilitating economic intercourse in deeded transactions. See id.; Conn. Joint Standing Committee Hearings, Banks, 1979 Sess., pp. 283–84; 29 H.R. Proc., Pt. 11, 1986 Sess., pp. 4166–68." (Citations omitted; emphasis omitted.)

The plain language of the statute provides damages for aggrieved persons if the mortgagee fails to execute or deliver a timely release of mortgage. See General Statutes § 49-8 (c). The legislative history makes clear that the statute is meant to facilitate the marketability of properties by penalizing mortgagees who fail to provide mortgagors with a timely release of mortgage. The plaintiff mortgagors, who allegedly did not receive a timely release of the mortgage on their property after they undisputedly sold the property in a short sale, are aggrieved persons within the meaning of § 49-8 (c). Accordingly, we determine that the defendant cannot prevail on its standing arguments.

We conclude that the court improperly granted the defendant's motion to dismiss because it, sua sponte, raised and addressed the issue regarding the plaintiffs' compliance with the statutory demand notice requirements of § 49-8 (c) without providing them with notice or an opportunity to be heard. We do not agree with the defendant that the court's decision can be affirmed on the alternative grounds it has raised.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.