******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# GENERAL LINEN SERVICE COMPANY, INC.
## *v.* CEDAR PARK INN AND WHIRLPOOL SUITES ET AL.
### (AC 39135)

Alvord, Mullins and Beach, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant C Co. and the individual defendant who conducted business on behalf of C Co., for, inter alia, breach of contract. The defendants were defaulted for failure to comply with certain discovery orders, and, following a hearing in damages, the trial court rendered judgment in favor of the plaintiff. Thereafter, the court denied the defendants' motion to open the judgment, and the defendants appealed to this court. In their motion to open, the defendants claimed that because C Co. was an unincorporated entity owned and controlled by N Co., the failure to serve N Co. deprived the trial court of jurisdiction and the judgment, thus, was void. The trial court found that the defendants had failed to show that a good defense existed at the time the judgment was rendered or that they were prevented from making a defense due to mistake, accident or other reasonable cause, as required under the applicable statute (§ 52-212 [a]) and rule of practice (§ 17-43). On appeal, the defendants claimed that the trial court abused its discretion by not finding that it lacked subject matter jurisdiction due to the failure of the plaintiff to join N Co. in the action. *Held* that the trial court did not abuse its discretion in denying the defendants' motion to open; because the failure to join an indispensable party does not deprive a trial court of subject matter jurisdiction unless a statute mandates the naming and serving of a particular party, even if N Co. was a necessary party, its absence did not affect the court's jurisdiction, as its joinder was not mandated by statute, and, therefore because the motion to open did not present the court with a jurisdictional issue, the court properly reviewed the motion to open under the applicable statute and rule of practice, and determined that no good defense existed at the time the judgment was rendered, as required by § 52-212 (a).

Submitted on briefs September 26, 2017—officially released February 6, 2018

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of New London, where the defendants were defaulted for failure to comply with certain discovery orders; thereafter, following a hearing in damages, the court, *Hon. Robert C. Leuba*, judge trial referee, rendered judgment for the plaintiff; subsequently, the court denied the defendants' motion to open the judgment, and the defendants appealed to this court. *Affirmed.*

*Jon C. Leary* filed a brief for the appellants (defendants).

*Lawrence G. Rosenthal* and *Michael D. Blumberg* filed a brief for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendants, Cedar Park Inn & Whirlpool Suites (Cedar Park Inn) and John G. Syragakis[1] (collectively "defendants"), appeal from the denial of their motion to open a judgment rendered in favor of the plaintiff, General Linen Service Company, Inc. A default had been ordered as a result of the defendants' failure to comply with a discovery order and the trial court rendered judgment after a hearing in damages. The defendants claim that the trial court abused its discretion by not finding that it had lacked subject matter jurisdiction and by instead denying their motion to open because it did not satisfy the requirements of General Statutes § 52-212 (a) and Practice Book § 17-43.[2] We affirm the judgment of the trial court.

The following facts, as alleged in the complaint, and procedural history are relevant to this appeal. The complaint, the allegations of which are deemed to be true because of the default; see Practice Book § 17-34; see also *Torla* v. *Torla*, 152 Conn. App. 241, 246–48, 101 A.3d 275 (2014); stated that the defendant Cedar Park Inn was an "unincorporated, unregistered entity" and that Syragakis "conducted business on behalf of Cedar Park [Inn] under the unregistered trade name 'Cedar Park Inn.'" It alleged that in July, 2013, the parties entered into a contract whereby the plaintiff was to supply the defendants with linens and that the defendants breached the contract in August, 2014. The contract provided for liquidated damages. The second count of the complaint alleged that Syragakis was personally liable for damages because he had provided a "personal guarantee."

Following a hearing in damages, the court, *Hon. Robert C. Leuba*, judge trial referee, rendered a default judgment on February 2, 2016. On March 10, 2016, the defendants filed a motion to open the judgment "on the ground that a necessary party was not served or otherwise made a party to the present action, and therefore the court lacks proper jurisdiction over this matter." The defendants claimed, as subordinate facts, that Cedar Park Inn was an unincorporated entity that was owned and operated by Nautilus Development, Inc. (Nautilus), which had recently filed for bankruptcy.[3] The defendants further claimed that the failure to serve Nautilus "affects the court's jurisdiction and the judgment is, therefore, void."

The plaintiff objected on the ground that the defendants' motion to open failed to satisfy the requirements of § 52-212 (a) and Practice Book § 17-43 in that it failed to state that a good defense existed at the time judgment was rendered and that the defendants were prevented from raising that defense due to a mistake, accident, or other reasonable cause. It argued more specifically, inter alia, that the failure to serve a necessary party

was not a jurisdictional defect and that the exclusive remedy for such a failure was a motion to strike. There was, then, the plaintiff argued, no viable defense stated in the motion to open. In their reply, the defendants stressed that they were not pursuing a motion to open pursuant to § 52-212 (a) or Practice Book § 17-43; rather, their claim was that the court had the inherent authority to open a judgment rendered without jurisdiction of the parties or the subject matter.

On April 13, 2016, the court denied the defendants' motion to open judgment. Its ruling stated, in its entirety, that "the defendants have not shown that a good defense existed at the time the judgment was rendered or that they were prevented from making a defense because of mistake, accident or other reasonable cause." This appeal followed.

On appeal, the defendants' sole claim is that the trial court abused its discretion by failing to hold that it had lacked jurisdiction to render judgment because Nautilus, a necessary party, had not been served, and therefore improperly denied their motion to open. The plaintiff contends that the trial court properly denied the defendants' motion. We agree with the plaintiff.

"We review a trial court's ruling on motions to open under an abuse of discretion standard. . . . Under this standard, we give every reasonable presumption in favor of a decision's correctness and will disturb the decision only where the trial court acted unreasonably or in a clear abuse of discretion. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Citations omitted; internal quotation marks omitted.) *GMAC Mortgage, LLC* v. *Ford*, 178 Conn. App. 287, 294–95, A.3d (2017).

It is well settled that the failure to join an indispensable party does not deprive a trial court of subject matter jurisdiction. See General Statutes § 52-108 and Practice Book §§ 9-18, 9-19 and 11-3; see also *Hilton* v. *New Haven*, 233 Conn. 701, 721, 661 A.2d 973 (1995); *Izzo* v. *Quinn*, 170 Conn. App. 631, 636, 155 A.3d 315 (2017); *Fountain Pointe, LLC* v. *Calpitano*, 144 Conn. App. 624, 648–49, 76 A.3d 636, cert. denied, 310 Conn. 928, 78 A.3d 147 (2013); *D'Appollonio* v. *Griffo-Brandao*, 138 Conn. App. 304, 313–14, 53 A.3d 1013 (2012); *Sullivan* v. *Thorndike*, 104 Conn. App. 297, 301, 934 A.2d 827 (2007), cert. denied, 285 Conn. 907, 908, 942 A.2d 415, 416 (2008). In *Izzo* v. *Quinn*, supra, 638, this court recently reiterated that the failure to join an indispensable party results in a jurisdictional defect "*only if* a statute mandates the naming and serving of [a particular] party." (Emphasis in original; internal quotation marks omitted.); see, e.g., *R.C. Equity Group, LLC* v. *Zoning Commission*, 285 Conn. 240, 241–43, 939 A.2d 1122 (2008) (failure to serve borough clerk pursuant to

zoning appeals statute deprived trial court of subject matter jurisdiction).

"Conversely, when a party is indispensable but is not required by statute to be made a party, the [trial] court's subject matter jurisdiction is not implicated and dismissal is not required." (Internal quotation marks omitted.) *Izzo* v. *Quinn*, supra, 170 Conn. App. 639. Although "a court may refuse to proceed with litigation if a claim cannot properly be adjudicated without the presence of those indispensable persons whose substantive rights and interests will be necessarily and materially affected by its outcome," the absence of such a party does not destroy jurisdiction. *Hilton* v. *New Haven*, supra, 233 Conn. 721–22. Further, "Practice Book §§ 10-39 and 11-3 . . . provide that a party's *exclusive remedy* for nonjoinder or for misjoinder of parties is by the filing of a motion to strike." (Emphasis in original; footnotes omitted.) *Izzo* v. *Quinn*, supra, 640.

Here, the defendants' motion to open did not present the court with a jurisdictional issue. Even if Nautilus was a necessary party,[4] its joinder was not mandated by statute. Our law is clear that nonjoinder under these circumstances does not create a jurisdictional defect. See id., 639. Accordingly, the trial court properly reviewed the defendants' motion to open under § 52-212 (a) and Practice Book § 17-43, which require a showing that a good cause or defense existed when judgment was rendered which the defendants were prevented from raising due to mistake, accident, or other reasonable cause.

The defendants' purported distinction between a motion to open pursuant to statute and a motion to open based on common-law authority to open judgments rendered without jurisdiction is immaterial in the context of this case. By expressly concluding that no good defense was claimed in the motion to open, the court impliedly rejected the defendants' argument that it had lacked jurisdiction. Because the trial court did not lack jurisdiction to render judgment, the argument based on common law fails, and, similarly, no good defense exists as required by § 52-212 (a). The absence of Nautilus did not affect the court's jurisdiction, and the trial court, therefore, did not abuse its discretion in denying the defendants' motion to open.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The summons indicates that John G. Syragakis is also known as John G. Syracuse.

[2] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reason-

able cause from prosecuting the action or making the defense."

Practice Book § 17-43 provides in pertinent part: "Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. . . ."

[3] To establish that Nautilus had been doing business as Cedar Park Inn, the defendants submitted, with their motion to open, a tax bill issued to Nautilus for the property that was used by Cedar Park Inn for business.

[4] The trial court made no finding on this issue and it has no bearing on our analysis. There similarly has been no claim of fraud, mutual mistake, or other recognized ground for opening a judgment.