******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

JEAN M. DISTURCO *v.* GATES IN
NEW CANAAN, LLC
(AC 44115)

Elgo, Moll and DiPentima, Js.

*Syllabus*

The plaintiff sought to recover damages for personal injuries allegedly sustained as a result of the defendant's negligence, arising out of an incident in which she became trapped in a restaurant restroom and one of the defendant's employees attempted to force the door open, causing a piece of wood to strike and injure her. The defendant's registered agent for service was served with the summons and complaint, but the defendant did not file an appearance until nine months later, after it had been defaulted for failure to appear and the trial court had rendered judgment on the default and awarded damages to the plaintiff. The defendant filed a motion to open the judgment, claiming that its failure to appear was the result of mistake in that it had notified its insurance broker of the underlying matter but that the broker did not notify the defendant's insurance company until after the judgment had been rendered. The court denied the defendant's motion to open the judgment, concluding that the defendant failed to meet the provisions of the applicable statute (§ 52-212) and, thereafter, granted the defendant's motion to reargue the motion to open but reaffirmed the denial of the motion to open, and the defendant appealed. *Held*:

1. The trial court did not abuse its discretion by denying the defendant's motion to open the judgment and finding that there was no reasonable cause for the defendant's failure to appear; the defendant did not file an appearance until nine months after it properly received notice of the action, and the court concluded that the defendant's action in sending the summons and complaint to its insurance broker under the assumption that the broker would inform its insurance company to hire an attorney constituted negligence on the part of the defendant rather than a mistake or other reasonable cause required by § 52-212.

2. The defendant could not prevail on its claim that it was entitled under the rules of practice (§ 11-12 (c)) to a hearing after the trial court granted its motion to reargue its motion to open; the court's denial of the motion to open was an appealable final judgment and, as such, pursuant to Practice Book § 11-12 (d), § 11-12 (c) was inapplicable, the motion to reargue was instead governed by Practice Book § 11-11, pursuant to which the court was not required to schedule a hearing on granting the defendant's motion to reargue.

Argued February 10—officially released May 11, 2021

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the defendant's alleged negligence, and for other relief, brought to the Superior Court in the judicial district of Fairfield, where the defendant was defaulted for failure to appear; thereafter, the court, *Hon. Edward F. Stodolink*, judge trial referee, rendered judgment in favor of the plaintiff; subsequently, the court, *Stevens, J.*, denied the defendant's motion to open the judgment; thereafter, the court, *Stevens, J.*, granted the defendant's motion to reargue but denied the relief requested therein, and the defendant appealed to this court. *Affirmed.*

*Andrew Ranks*, with whom, on the brief, was *A. Jeffrey Somers*, for the appellant (defendant).

*Eric G. Blomberg*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The defendant, Gates in New Canaan, LLC, appeals from the judgment of the trial court denying its motion to open the judgment rendered in favor of the plaintiff, Jean M. Disturco, after the defendant was defaulted for failure to appear. The defendant claims that the court improperly (1) determined that it had failed to satisfy General Statutes § 52-212 and (2) ruled on its motion to open without a hearing after the court had granted the defendant's motion to reargue. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts, as alleged in the plaintiff's complaint,[1] or as undisputed in the record, and procedural history are relevant to this appeal. The plaintiff instituted the underlying action against the defendant on June 18, 2019. The return date for the complaint was July 23, 2019. The complaint alleged that on or about October 27, 2017, the plaintiff was "an invitee, customer, patron and/or guest" of Gates Restaurant, a restaurant owned by the defendant. The defendant is a limited liability company organized and existing under the laws of Connecticut. On the date in question, the plaintiff became locked in the restroom of the restaurant at which point "an agent, servant and/or employee attempted to forcefully open the door to the restroom causing a piece of wood to strike the plaintiff's head." The complaint further alleged that the incident was caused by the "negligence and/or carelessness of the defendant" and that the plaintiff suffered "painful, severe, and/or permanent" injuries and damages as a result of the employee's attempt to free her from the restroom. The complaint sought money damages and costs.

The defendant's registered agent for service, Heather M. Brown-Olsen, Esq., was served with the complaint and summons on June 18, 2019. On July 29, 2019, the plaintiff filed a motion for default for the defendant's failure to appear. The court clerk granted the plaintiff's motion on August 6, 2019, pursuant to Practice Book § 17-20 (d).[2] After an evidentiary hearing in damages, the court rendered a judgment on the default in favor of the plaintiff and awarded her $1,000,000 in damages on January 9, 2020.

On March 20, 2020, the defendant filed an appearance and a motion to open the judgment pursuant to Practice Book § 17-43,[3] stating that its failure to appear was "the result of a mistake or inadvertence" and that it had a "good defense to the plaintiff's claim, which should be heard on its merits." Accompanying the defendant's motion to open was an affidavit from John W. Luther III, the defendant's managing member (Luther affidavit), in which Luther averred the following: "I first became aware of the subject lawsuit on August 26, 2019, when

I received an August 21, 2019 letter from the company's then registered agent for service as to a default for failure to appear, which had been entered on August 6, 2019. The agent for service notified me in that same letter that she was resigning as agent for service . . . . Prior to August 26, 2019, [the defendant] had no knowledge of the claim or service of the lawsuit. . . . On August 26, 2019, I sent an e-mail to an individual at the Solomon Insurance Agency . . . whom I believed to be the agent handling our account, notifying them of the lawsuit and the default. . . . Subsequently, on September 23, 2019, I sent another e-mail to [the insurance agent] at Solomon when I received additional papers" regarding the underlying action. The affidavit also stated that the defendant believed that the "Solomon Insurance Agency would notify [its] insurance carrier to arrange for an attorney to represent and defend [its] interests," and that, on January 24, 2020, after learning that judgment had been rendered, it reached out to the Solomon Insurance Agency at which point thereafter, on January 28, 2020, the agency reported the claim to Utica First Insurance Company, the defendant's insurance carrier. The plaintiff filed an objection to the defendant's motion on May 1, 2020. The motion appeared on the short calendar on May 4, 2020, which the defendant marked as "take papers."

The court sustained the plaintiff's objection to the defendant's motion and denied the defendant's motion to open on May 4, 2020, concluding that the defendant had failed to meet the provisions of § 52-212 because it "neither articulated a bona fide defense to the action, nor articulated facts indicating that the failure to assert a defense was prevented by mistake, accident or other reasonable cause as compared to mere neglect or negligence."[4]

Thereafter, the defendant filed a motion to reargue its motion to open the judgment on May 22, 2020, in which it asserted that it was filing the motion to reargue pursuant to "Practice Book [§§] 11-11 and/or 11-12." The plaintiff filed an objection to the defendant's motion to reargue on June 5, 2020. On June 5, 2020, the court granted the defendant's motion to reargue and considered the motion on the papers. The court reaffirmed its denial of the motion to open after considering the additional information that the defendant had provided. The additional information included an affidavit from Robert Gulla, a claims examiner with Utica First Insurance Company, averring that the insurance company did not have notice of the underlying action until after judgment had been rendered. The court determined that, even if the insurance company did not have notice, there was no dispute that the defendant had notice of the plaintiff's action before the default and subsequent judgment were rendered. Moreover, the court rejected the defendant's argument that its action of forwarding the summons and complaint to its insurance broker

and "mak[ing] efforts to communicate with this broker" was "commercially reasonable" or satisfied the requirements of § 52-212.

The court concluded that the defendant failed to "[show] reasonable cause to open the judgment nor [did it] specifically [articulate] a bona fide defense that existed when judgment entered." Lastly, the court determined that the defendant's circumstances did not "support the conclusion that the defendant was prevented by mistake, accident or other reasonable cause" from making its defense because "the conduct at issue [did] not rise beyond mere negligence or neglect." This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

The defendant first contends that the court erred in denying its motion to open the judgment on the basis of its finding that the defendant had failed to meet the requirements under § 52-212. Specifically, the defendant argues that it is sufficient simply to show reasonable cause under § 52-212 and that, because the defendant established reasonable cause for its failure to appear, the court erred when it denied the defendant's motion to open the judgment. We are not persuaded.

We begin by setting forth the standard of review and governing legal principles. To the extent that we need to interpret a statute, our review is plenary. *Meadowbrook Center, Inc.* v. *Buchman*, 328 Conn. 586, 594, 181 A.3d 550 (2018) ("The interpretation and application of a statute . . . involves a question of law over which our review is plenary. . . . In seeking to determine [the] meaning [of a statute, we] . . . first . . . consider the text of the statute . . . itself and its relationship to other statutes . . . ." (Internal quotation marks omitted.)).

"We review a trial court's ruling on motions to open under an abuse of discretion standard. . . . Under this standard, we give every reasonable presumption in favor of a decision's correctness and will disturb the decision only where the trial court acted unreasonably or in a clear abuse of discretion. . . . As with any discretionary action of the trial court . . . the ultimate [question for appellate review] is whether the trial court could have reasonably concluded as it did." (Internal quotation marks omitted.) *General Linen Service Co.* v. *Cedar Park Inn & Whirlpool Suites*, 179 Conn. App. 527, 531, 180 A.3d 966 (2018). "[I]n order to determine whether the court abused its discretion [in ruling on a motion to open], we must look to the conclusions of fact upon which the trial court predicated its ruling. . . . Those factual findings are reviewed pursuant to the clearly erroneous standard . . . ." (Internal quotation marks omitted.) *Harris* v. *Neale*, 197 Conn. App. 147, 158–59 n.11, 231 A.3d 357 (2020).

"A motion to set aside a default judgment is governed by Practice Book § 17-43 and . . . § 52-212." *State* v. *Ritz Realty Corp.*, 63 Conn. App. 544, 548, 776 A.2d 1195 (2001). "To open a judgment pursuant to Practice Book § 17-43 (a) and . . . § 52-212 (a), the movant must make a two part showing that (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause. . . . The party moving to open a default judgment must not only allege, but also make a showing sufficient to satisfy the two-pronged test [governing the opening of default judgments]. . . . The negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment. . . . Finally, because the movant must satisfy both prongs of this analysis, failure to meet either prong is fatal to its motion." (Footnotes omitted; internal quotation marks omitted.) *Multilingual Consultant Associates, LLC* v. *Ngoh*, 163 Conn. App. 725, 733, 137 A.3d 97 (2016).

On appeal, the defendant argues that the two-pronged test delineated in *Multilingual Consultant Associates, LLC* v. *Ngoh*, supra, 163 Conn. App. 733, applies only if a movant fails to show reasonable cause. Because the court clearly found that the defendant had failed to establish reasonable cause to open the judgment, this argument is meritless. Moreover, the court did not abuse its discretion in concluding that the defendant's action in sending the summons and complaint to its insurance broker, believing the insurance company would hire an attorney, and taking no additional action "[did] not rise beyond mere negligence or neglect."

During oral argument before this court, the defendant asserted that it was not contesting that its registered agent for service properly received service of process or that it properly was served the plaintiff's motion for default. Instead, the defendant's claim is that reasonable cause existed to open the judgment because it mistakenly believed that the insurance company was aware of the underlying action and would hire an attorney to protect its interests, when in fact the insurance company was not aware of the underlying action until after judgment was rendered. Because a defendant's negligence does not constitute reasonable cause for failing to appear, its claim must fail. See *Postemski* v. *Landon*, 9 Conn. App. 320, 326, 518 A.2d 674 (1986) (discussing *Pelletier* v. *Paradis*, 4 Conn. Cir. 396, 399–400, 232 A.2d 925 (1966), cert. denied, 154 Conn. 745, 226 A.2d 520 (1967), in which negligence of defendant's counsel was attributed to defendant when defendant's counsel failed to file appearance after defendant received notice of lawsuit). The defendant properly was served with the summons and complaint in June, 2019, and did not file an appearance until March, 2020—nine months after it received service of process. "While mistake, accident

or other reasonable cause may be a sufficient reason to open a default judgment, negligence is not. Our Supreme Court has consistently held that the denial of a motion to open a default judgment should not be held an abuse of discretion where the failure to assert a defense was the result of negligence." (Internal quotation marks omitted.) *Postemski* v. *Landon*, supra, 325.

The court completed a thorough analysis of the defendant's claims in light of § 52-212 and found that the defendant failed to articulate any facts in its motion to open supporting its conclusory statement that it had a good defense against the plaintiff's claims in the underlying action. The court also found that the mistake claimed by the defendant was rooted in its own negligence. The defendant received notice on June 18, 2019, when the writ of summons and complaint were served on its registered agent,[5] and failed to appear as a result of negligence or inattention. "[Section 52-212] is remedial, but it cannot be so construed as to authorize relief"; *Testa* v. *Carrolls Hamburger System, Inc.*, 154 Conn. 294, 299, 224 A.2d 739 (1966); where a defendant indeed has received proper notice of the underlying action and the plaintiff's motion for default yet failed to file an appearance. See *Postemski* v. *Landon*, supra, 9 Conn. App. 325; see also *Testa* v. *Carrolls Hamburger System, Inc.*, supra, 300 (defendant's motion to open was properly denied where defendant knew about lawsuit but failed to secure substitute counsel to enter appearance due to "confusion" regarding parent company's bankruptcy proceedings). We therefore conclude that the court did not abuse its discretion in denying the motion to open the judgment and finding that there was no reasonable cause for the defendant's failure to appear.

## II

The defendant next claims that the court abused its discretion when, after granting the defendant's motion to reargue, it reaffirmed its denial of the motion to open without a hearing. Specifically, the defendant claims that, pursuant to Practice Book § 11-12 (c), the court was required to schedule a hearing after granting its motion to reargue. The plaintiff counters by positing that § 11-12 (c) does not apply to the present case because § 11-12 (d) states that § 11-12 is inapplicable "to motions to reargue decisions which are final judgments for purposes of appeal." We agree with the plaintiff.

To the extent that we deem it necessary to interpret the provisions of the rules of practice, our review is plenary. See *Meadowbrook Center, Inc.* v. *Buchman*, supra, 328 Conn. 594. Practice Book § 11-12 governs motions to reargue. On appeal, the defendant grounds its argument that it had a right to be heard on its motion to reargue on Practice Book § 11-12 (c), which provides that a motion to reargue "shall be considered by the judge who rendered the decision or order. Such judge

shall decide, without a hearing, whether the motion to reargue should be granted. If the judge grants the motion, the judge *shall schedule the matter for hearing* on the relief requested." (Emphasis added.) Practice Book § 11-12 (d), however, provides that "section [11-12] shall not apply to motions to reargue decisions which are final judgments for purposes of appeal. Such motions shall be filed pursuant to Section 11-11." Practice Book § 11-11 provides in relevant part that "[a]ny motions which would . . . delay the commencement of the appeal period, and any motions which . . . would toll the appeal period and cause it to begin again, shall be filed simultaneously . . . and shall be considered by the judge who rendered the underlying judgment or decision. . . . The foregoing applies to motions to reargue decisions that are final judgments for purposes of appeal . . . ."

Practice Book § 11-12 does not apply to the present matter because "[t]he denial of a motion to open is an appealable final judgment"; *Gibbs* v. *Spinner*, 103 Conn. App. 502, 506 n.4, 930 A.2d 53 (2007); and, as noted, Practice Book § 11-12 (d) plainly provides that Practice Book § 11-12 does not apply to motions to reargue decisions that are final judgments for purposes of appeal. Thus, Practice Book § 11-11 governs the defendant's motion to reargue. The provisions of Practice Book § 11-11 do not require the court to schedule a hearing upon granting a movant's motion to reargue. The defendant, therefore, was not entitled to a hearing on its motion to reargue. Accordingly, the defendant's second claim fails.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The allegations set forth in the plaintiff's complaint are deemed to be true as a result of the default. See *General Linen Service Co.* v. *Cedar Park Inn & Whirlpool Suites*, 179 Conn. App. 527, 529–30, 180 A.3d 966 (2018).

[2] Practice Book § 17-20 (d) provides in relevant part that "motions for default for failure to appear shall be acted on by the clerk not less than seven days from the filing of the motion . . . . The motion shall be granted by the clerk if the party who is the subject of the motion has not filed an appearance. . . ."

[3] Practice Book § 17-43 (a) provides in relevant part that "[a]ny judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. . . ."

[4] General Statutes § 52-212 (a) provides: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of

the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.''

[5] General Statutes § 34-243r (a) provides in relevant part that "[a] limited liability company . . . may be served with any process, notice or demand required or permitted by law by any proper officer or other person lawfully empowered to make service leaving a true and attested copy with such company's registered agent, or at his or her usual place of abode in this state.''

Moreover, "[n]otice to, or knowledge of, an agent, while acting within the scope of his authority and in reference to a matter over which his authority extends, is notice to, or knowledge of the principal. . . . The fact that the knowledge or notice of the agent was not actually communicated will not prevent the operation of the general rule, since the knowledge or notice of the agent is imputed to the principal . . . .'' (Citation omitted; internal quotation marks omitted.) *National Groups, LLC* v. *Nardi*, 145 Conn. App. 189, 201, 75 A.3d 68 (2013). Therefore, the registered agent's notice or knowledge of the plaintiff's underlying action is imputed to the defendant due to the existence of an agency relationship between the defendant and its registered agent for service. See id.