******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************************

# KIMBERLY KARANDA *v.* SHELBY BRADFORD
## (AC 43749)

Elgo, Suarez and Vertefeuille, Js.

*Syllabus*

The plaintiff sought to recover damages for personal injuries that she alleg-
edly sustained during a motor vehicle accident as a result of the defen-
dant's negligence. Thereafter, the trial court granted the defendant's
motion for an order of compliance and ordered the plaintiff to comply
with the defendant's outstanding discovery requests. Subsequently, the
defendant filed motions for an order compelling the plaintiff's deposi-
tion, which the court granted, and for a judgment of nonsuit on the basis
of the plaintiff's continued failure to comply with discovery requests.
The court ordered the plaintiff to comply fully with the defendant's
discovery requests or face the imposition of sanctions. Thereafter, the
defendant filed two motions for a judgment of nonsuit on the bases
that the plaintiff had failed to comply with a substantial portion of the
discovery requests and that the plaintiff had not attended her deposition
as ordered by the court. Following argument, the court granted the
defendant's motions and rendered judgment dismissing the plaintiff's
action on July 1, 2019. The plaintiff filed a motion to open the judgment
on October 28, 2019, but did not attach an affidavit as required by statute
(§ 52-212 (c)), and, although the plaintiff filed an affidavit on November
7, 2019, that date fell outside of the four month range permitted by § 52-
212. The court denied the plaintiff's motion. On appeal, *held* that the
trial court did not abuse its discretion in denying the plaintiff's motion
to open the judgment of nonsuit: the plaintiff filed her motion without
the affidavit required by § 52-212 (c), and the affidavit that she subse-
quently filed was untimely; moreover, the court properly determined
that the plaintiff's affidavit did not meet the substantive requirements
of § 52-212 (a), as the plaintiff merely alleged that she had maintained
a good cause of action but did not show that a good defense existed
at the time the judgment of dismissal was rendered.

Argued October 5, 2021—officially released February 15, 2022

*Procedural History*

Action to recover damages for personal injuries sus-
tained by the plaintiff as a result of the defendant's
alleged negligence, brought to the Superior Court in
the judicial district of Hartford and transferred to the
judicial district of Tolland, where the court, *Farley,
J.*, granted the defendant's motions for a judgment of
nonsuit and rendered judgment dismissing the action;
thereafter, the court denied the plaintiff's motion to
open the judgment, and the plaintiff appealed to this
court. *Affirmed.*

*Erica A. Barber*, for the appellant (plaintiff).

*Kelly B. Gaertner*, with whom, on the brief, was *Car-
mine Annunziata*, for the appellee (defendant).

*Opinion*

ELGO, J. The plaintiff, Kimberly Karanda, appeals from the judgment of the trial court denying her motion to open a judgment of nonsuit due to her noncompliance with a discovery order. The plaintiff claims that the court did not properly evaluate her motion pursuant to General Statutes § 52-212a and Practice Book § 17-43. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On March 14, 2016, the plaintiff and the defendant, Shelby Bradford, were involved in a motor vehicle collision on an on-ramp to Route 2 in Glastonbury. On March 22, 2018, the plaintiff brought an action alleging the defendant's negligence. On August 6, 2018, the defendant filed an answer and a claim for a jury trial. On August 15, 2018, the plaintiff filed a certificate of closed pleadings.

On February 13, 2019, the defendant filed a motion for an order of compliance pursuant to Practice Book § 13-14. The defendant alleged that the plaintiff had failed to respond to several interrogatories and requests for production and outlined in her motion a comprehensive list of materials that the plaintiff had not yet provided. On February 25, 2019, the court ordered the plaintiff to comply with the defendant's outstanding discovery requests "by March 22, 2019."

On March 28, 2019, the defendant filed two motions. The defendant first moved for the court to compel the plaintiff's deposition to take place on June 7, 2019, relying on the fact that trial was scheduled to begin on October 1, 2019, and the plaintiff's deposition already had been postponed twice.[1] The defendant also moved for a judgment of nonsuit against the plaintiff, pursuant to Practice Book § 13-14, on the ground that the plaintiff failed to comply with numerous discovery requests[2] in violation of the court's February 25, 2019 order. On April 14, 2019, the court granted the defendant's motion to compel the plaintiff's deposition on the requested date of June 7, 2019. Shortly thereafter, on April 29, 2019, the court ordered the plaintiff to fully comply with the defendant's discovery requests by May 17, 2019. The court noted that a "[f]ailure to fully comply" with the order "may result in the imposition of sanctions."

The defendant subsequently filed two additional motions for judgment of nonsuit. The first such motion, filed on May 23, 2019, relied in large part on the same grounds as the defendant's prior motion for nonsuit with respect to the plaintiff's failure to comply with the defendant's discovery requests. The defendant added that, although the plaintiff had filed two notices of compliance between that date and the court's April 29, 2019 order, the plaintiff still had not complied with a substantial portion of the defendant's requests. On June 17, 2019, the court scheduled argument on the defendant's

May 23, 2019 motion for July 1, 2019. The defendant filed another motion for a judgment of nonsuit on June 19, 2019, on the ground that the plaintiff did not attend her deposition as ordered by the court on April 14, 2019. That motion was originally designated to be taken on the papers, but the court and the parties agreed that it would be considered together with the defendant's May 23, 2019 motion for nonsuit.

The court heard argument from the parties on those motions for nonsuit on July 1, 2019. The plaintiff initially argued that she continued to seek the requested records, and that nonresponsiveness on the part of her health care provider was to blame for the delay. In a colloquy with the plaintiff's counsel, the court emphasized that it "had entered an order not that you work on [complying with the discovery requests], but that you respond by a certain date and you didn't do that. . . . I said you have until next date to get this done and you didn't get it done." When asked by the court why the plaintiff did not attend her June 7, 2019 deposition, the plaintiff's counsel conceded that he could not "really give an explanation for that." Citing the plaintiff's failure to appear at her deposition as ordered by the court and her failure to fully comply with the defendant's discovery requests, the court granted the defendant's motions for a judgment of nonsuit and dismissed the action.

On October 28, 2019, the plaintiff filed a motion to open the judgment. The plaintiff alleged, inter alia, that she was "ready, willing, and able to be deposed within the next [thirty] days" and that the materials sought by the outstanding discovery requests did not exist. In her November 4, 2019 objection to the plaintiff's motion, the defendant first argued that, because the plaintiff did not file her motion in compliance with General Statutes § 52-212, with an attached affidavit, within four months from the date that the judgment was rendered, the court did not have jurisdiction to consider the plaintiff's motion. The defendant further argued that, even if the court had jurisdiction, the plaintiff's motion did not demonstrate (1) the existence of a good cause of action by the time the judgment was rendered, and (2) that any mistake, accident, or other reasonable cause prevented her from complying with the court's orders. On November 12, 2019, the court denied the plaintiff's motion to open. The plaintiff filed a motion to reconsider, which the court denied, and this appeal followed.

Following the commencement of this appeal, the plaintiff filed a motion for rectification with the trial court, pursuant to Practice Book §§ 60-2, 61-10, 66-2, 66-3, and 66-5, "to determine the basis for the trial court's [November 12, 2019] [o]rder denying [the plaintiff's] motion to open the judgment of nonsuit." In granting the plaintiff's motion, the court explained that, "[a]lthough captioned and presented as a motion for

rectification, the court construes the plaintiff's June 26, 2020 motion as a motion for articulation seeking the basis for the court's November 12, 2019 denial of the plaintiff's motion to open [the] judgment." The court then articulated the rationale behind its denial of the motion to open the judgment: "Th[is] court denied the plaintiff's motion to open [the] judgment for several reasons. The motion was not verified by oath, nor was it accompanied by an affidavit. Although the plaintiff subsequently filed an affidavit, because she delayed filing her motion until the end of the four month statutory period within which the motion had to be filed, the affidavit was filed after the statutory period expired. The motion to open [the] judgment was denied because it did not comply with the statutory requirements. . . .

"Even if the affidavit had been timely filed, the contents of the affidavit failed to adequately establish a basis upon which the judgment should be reopened. [Section 52-212] requires the verified motion or, in this case, the affidavit '[show] reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense.' . . . Instead of 'showing' that the plaintiff had a good cause of action at the time judgment was entered, the affidavit baldly asserts that 'the plaintiff has maintained a good cause of action.' This is inadequate. . . .

"The affidavit also did not establish that the plaintiff's failure to obey the court's orders that she comply with the defendant's discovery requests and appear at a deposition were due to 'mistake, accident or other reasonable cause.' The explanation advanced in her counsel's affidavit, that she ultimately determined that the records sought by the defendant did not exist, is belied by the fact that additional records were actually produced after judgment entered. Moreover, the fact that certain records did not exist should have been part of a response provided pursuant to the two prior orders of compliance issued by the court. The affidavit does not explain what, if any, efforts had been made to comply with the court's orders prior to the entry of judgment. The documents submitted with her November 25, 2019 motion to reconsider reflect only that a subpoena was served in an effort to obtain such records in October, 2019, three months after judgment entered. The affidavit also does not establish that the plaintiff failed to appear for her deposition, pursuant to the court's order, due to 'mistake, accident or other reasonable cause.' Counsel's affidavit states only that the 'deposition did not happen due to an error in notice between the undersigned firm and the plaintiff.' This reflects mere negligence on the part of counsel or the plaintiff and is not sufficient to establish a basis to

[open] the judgment." (Citations omitted.)

On appeal, the plaintiff claims that the court erred as a matter of law in denying her motion to open the judgment. She claims that the court erred in applying the standard for opening judgments upon default or nonsuit set forth in § 52-212 as opposed to the standard for opening civil judgments as set forth in § 52-212a.[3] We note that the plaintiff's motion before the court is captioned as a motion to open judgment of nonsuit, and, beyond referencing Practice Book § 17-4, she does not refer to any legal authority. The defendant, however, in her response to the plaintiff's motion to open, did object to the plaintiff's motion to open on the grounds that it did not comply with § 52-212. The defendant contends that the court analyzed the plaintiff's motion under the applicable statute and did not abuse its discretion in denying her motion. We agree with the defendant.

"Whether to grant a motion to open rests in the discretion of the trial court. . . . In reviewing claims that the trial court abused its discretion, great weight is given to the trial court's decision and every reasonable presumption is given in favor of its correctness. . . . We will reverse the trial court's ruling only if it could not reasonably conclude as it did." (Citation omitted; internal quotation marks omitted.) *Pachaug Marina & Campground Assn., Inc.* v. *Pease*, 149 Conn. App. 489, 493, 89 A.3d 423 (2014). Additionally, "[t]o the extent that we need to interpret a statute, our review is plenary." *Disturco* v. *Gates in New Canaan, LLC*, 204 Conn. App. 526, 532, 253 A.3d 1033 (2021); see also *Trumbull* v. *Palmer*, 161 Conn. App. 594, 598–99, 129 A.3d 133 (2015) ("Whether a court has authority to grant a motion to open requires an interpretation of the relevant statutes. Statutory construction, in turn, presents a question of law over which our review is plenary." (Internal quotation marks omitted.)), cert. denied, 320 Conn. 923, 133 A.3d 458 (2016).

We first consider whether the court lacked statutory authority to consider the plaintiff's motion to open. This inquiry is guided by the requirements set forth in § 52-212, as well as Practice Book § 17-43. See *Opoku* v. *Grant*, 63 Conn. App. 686, 690–91, 778 A.2d 981 (2001). "[Section] 52-212 (a) provides: [a]ny judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket, on such terms in respect to costs as the court deems reasonable, upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other

reasonable cause from prosecuting the action or making the defense. . . . Subsection [(c)] of § 52-212 additionally requires that [t]he complaint or written motion shall be verified by the oath of the complainant or his attorney . . . ." (Emphasis omitted; internal quotation marks omitted.) *Trumbull* v. *Palmer*, supra, 161 Conn. App. 599. Practice Book § 17-43 contains similar requirements.[4]

In *Opoku* v. *Grant*, supra, 63 Conn. App. 686, this court addressed a similar challenge to a trial court's denial of a plaintiff's motion to open a judgment. Id., 687. Following the plaintiff's failure to follow the court's order to comply with the defendant's discovery requests, the defendant filed a motion for a judgment of nonsuit, which the court granted on March 8, 1999. Id., 688. The plaintiff filed a motion to open the judgment of nonsuit on June 2, 1999, to which the defendant objected, in part, due to the plaintiff's failure to file the required affidavit. Id., 688–89. On June 22, 1999, the court denied the motion to open and sustained the defendant's objection. Id., 689. The plaintiff did not file an affidavit until October, 1999. Id.

In affirming the trial court's denial of the plaintiff's motion to open, this court noted that "[t]he plaintiff did not meet the statutory requirements or those of the rules of practice, and there is no evidence of waiver by the defendant. The court rendered a judgment of nonsuit on March 8, 1999. The plaintiff filed his motion to open and set aside the judgment on June 2, 1999. On June 7, 1999, the defendant objected on several grounds, including the plaintiff's failure to file the required affidavit. Although the plaintiff thus received notice that the motion was procedurally flawed, he failed, even then, to file a timely affidavit. On June 22, 1999, the court denied the motion and sustained the defendant's objection. The plaintiff did not file an affidavit until October, 1999. Accordingly, the court properly denied the plaintiff's motion to open for lack of statutory authority to grant relief." Id., 691–92.

In our view, this court's holding in *Opoku* compels a similar result in the present case, as the plaintiff filed her motion without the affidavit required by § 52-212 (c). Although the plaintiff belatedly filed an affidavit on November 7, 2019, that date fell outside the four month range permitted by § 52-212. The statutory language is clear that a motion to open and the accompanying affidavit must be filed within four months of the judgment of nonsuit. Because the record before us unambiguously reflects that the plaintiff failed to timely file her affidavit, we cannot conclude that the court abused its discretion in denying her motion to open the judgment.

Additionally, even if the plaintiff had timely filed her affidavit, the court properly concluded that the affidavit did not satisfy the substantive requirements of § 52-212 (a). "To open a judgment pursuant to Practice Book

§ 17-43 (a) and . . . § 52-212 (a), the movant must make a two part showing that (1) a good defense existed at the time an adverse judgment was rendered; and (2) the defense was not at that time raised by reason of mistake, accident or other reasonable cause. . . . The party moving to open a [judgment of nonsuit] must not only allege, but also make a showing sufficient to satisfy the two-pronged test [governing the opening of judgments of nonsuit]. . . . The negligence of a party or his counsel is insufficient for purposes of § 52-212 to set aside a default judgment. . . . Finally, because the movant must satisfy both prongs of this analysis, failure to meet either prong is fatal to its motion." (Internal quotation marks omitted.) *Disturco* v. *Gates in New Canaan, LLC*, supra, 204 Conn. App. 532–33.

We agree with the court's determination that the plaintiff's affidavit does not meet the statutory requirements. With respect to the showing of a good cause or defense, the plaintiff's affidavit merely states "[t]hat the plaintiff has maintained a good cause of action and is ready to continue prosecuting this action with due diligence." As we recognized in *Disturco*, the mere allegation of the existence of a cause of action is insufficient. See *Disturco* v. *Gates in New Canaan, LLC*, supra, 204 Conn. App. 533; see also *Moore* v. *Brancard*, 89 Conn. App. 129, 132, 872 A.2d 909 (2005) (motion that "included the bald assertion that a good cause of action still exists . . . failed to comply with the mandatory dictates of § 52-212" (internal quotation marks omitted)).[5] For the foregoing reasons, we do not disturb the trial court's denial of the plaintiff's motion to open.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff's deposition was originally scheduled for January 22, 2019. The defendant's counsel postponed the deposition on account of the plaintiff's failure to "compl[y] with the defendant's 7/26/18 standard discovery requests." The deposition was then rescheduled for March 21, 2019, only to be postponed again due to a conflict with the plaintiff's availability.

[2] In her motion, the defendant alleged that, "[s]pecifically, the plaintiff has failed to provide the following . . . [a]ll records and bills for treatment with Dr. Tushak and Dr. Miller . . . [c]omplete responses to interrogatories # 6 and #11–14 . . . [d]ocumentation of any liens in place . . . [r]ecords for prior treatment for sleep issues . . . [and] [a]ll records and bills for treatment after 4/24/18," and that, "[t]o date, the plaintiff has also failed to comply with the defendant's supplemental Medicare discovery requests."

[3] Although the plaintiff does not attempt to demonstrate that she failed to raise this claim before the court, she does ask that we review her claim under the plain error doctrine. We emphasize that plain error "is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party. [T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . Plain error is a doctrine that should be invoked sparingly." (Internal quotation marks omitted.) *Johnson* v. *Johnson*, 203 Conn. App. 405, 411, 248 A.3d 796 (2021). A finding of plain error requires that an error is "patent [or] readily discernable on the face of a factually adequate record . . . ." (Internal quotation marks omitted.) Id. Because we conclude that the court's

application of § 52-212 to the plaintiff's motion to open the judgment was correct, the plain error doctrine is inapplicable to the present case. See *State* v. *Pierce*, 269 Conn. 442, 453, 849 A.2d 375 (2004) ("the plain error doctrine should not be applied in order to review a ruling that is not arguably incorrect in the first place").

[4] Practice Book § 17-43 provides in relevant part: "(a) Any judgment rendered or decree passed upon a default or nonsuit may be set aside within four months succeeding the date on which notice was sent, and the case reinstated on the docket on such terms in respect to costs as the judicial authority deems reasonable, upon the written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of such judgment or the passage of such decree, and that the plaintiff or the defendant was prevented by mistake, accident or other reasonable cause from prosecuting or appearing to make the same. Such written motion shall be verified by the oath of the complainant or the complainant's attorney, shall state in general terms the nature of the claim or defense and shall particularly set forth the reason why the plaintiff or the defendant failed to appear. The judicial authority shall order reasonable notice of the pendency of such written motion to be given to the adverse party, and may enjoin that party against enforcing such judgment or decree until the decision upon such written motion. . . ."

[5] Having determined that the plaintiff's motion fails under the first prong of § 52-212 (a), we need not consider whether the plaintiff's motion sufficiently demonstrates that her inaction stemmed from "mistake, accident, or other reasonable cause" as required by § 52-212 (a) (2). See *Disturco* v. *Gates in New Canaan, LLC*, supra, 204 Conn App. 533.

————————————————